Belinda SUMRAK, Appellant,

v.

TENNECO OIL COMPANY, Appellee.

No. 2–82–092–CV.

Court of Appeals of Texas,
Fort Worth.

March 17, 1983.

Rehearing Denied April 14, 1983.

Robert J. Wilson & Associates, Inc., and Robert J. Wilson, Burleson, for appellant.

Thompson & Knight, and Eugene W. Brees, II, Dallas, for appellee.

Before ASHWORTH, JORDAN and HUGHES, JJ.

## OPINION

ASHWORTH, Justice.

Appellant, Belinda Sumrak, appeals from an instructed verdict in favor of appellee, Tenneco Oil Company.

Reversed and remanded.

Appellant alleged she sustained an injury on October 29, 1979, when she was struck in the head by a defective door at a convenience store. Suit was filed on April 3, 1980, first amended petition was filed July 28, 1980, and second amended petition was filed March 10, 1981. Each of the three pleadings alleged the store was owned and operated by Tenneco, Inc. Tenneco, Inc., filed its original answer on May 1, 1980, setting forth various special exceptions and a general denial; its first amended original answer was filed December 11, 1980, alleging certain affirmative defenses and a general denial; its second amended original answer was filed October 30, 1981, (one day after the running of the two year statute of limitations) again alleging certain affirmative defenses and a general denial, but alleging for the first time a verified denial of ownership or management of the store in question, and denying liability in the capacity sued.

Appellant submitted the following request for admission to Tenneco, Inc.:

"2. That the Tenneco store located at 2300 Collins, Arlington, Texas, was owned and operated by Tenneco, Inc. on October 29, 1979."

On December 18, 1980, Tenneco, Inc., filed the following answer to such request: "Denied. The store was owned by Tenneco Oil Company."

The case was called for trial on April 13, 1982. Appellant's attorney dictated Plaintiffs' Third Amended Original Petition into the record. The only change made in this last petition was to substitute Tenneco Oil Company as defendant in place of Tenneco, Inc. The same attorney who had been representing Tenneco, Inc., then dictated into the record an answer on behalf of Tenneco Oil Company. This last answer alleged a general denial, certain affirmative defenses, and the running of the two year statute of limitations. Appellee's attorney stipulated an agreement for the dictation of the last petition, and waiver of service of process in order that the case could go to trial without a continuance.

A jury was selected and the case proceeded to trial. When appellant rested, appellee moved for and was granted an instructed verdict on the ground that the action was barred by the running of the two year statute of limitation.

Appellant contends that there is sufficient identity of parties in this case to warrant a holding that service on one is service on the other. In support of such contention, she cites *Gentry v. Credit Plan Corporation of Houston,* 528 S.W.2d 571 (Tex. 1975), which holds that under the facts in that case, one corporation was the alter ego of another corporation. There apparently was considerable testimony and evidence in that case concerning the relationship of the corporations involved. Suit was brought against Credit Plan Corporation of Houston alleging unreasonable collection efforts. After more than two years from accrual of the cause of action, Colonial Finance Corporation was joined as a defendant, and even later Kelsor Corporation was also joined as a defendant. The court held that under the extensive evidence in that case that Credit

Plan Corporation was not regarded as a separate business entity but as simply an office of Colonial Finance Corporation. During the year in which the suit was filed the stockholders of Colonial exchanged their stock for an equal number of shares of Kelsor Corporation, and the officers and directors of Colonial became officers and directors of Kelsor, and Colonial was later merged into Kelsor.

In the case under consideration the following evidence has bearing on identity of parties: Tenneco Oil Company is a subsidiary of Tenneco Corporation; Tenneco Corporation is a subsidiary of Tenneco, Inc. Eldon Montz testified that he was an employee of Tenneco Oil Company that Tenneco Oil Company has an office in Atlanta, Georgia; that Tenneco, Inc. has a building in Houston, Texas; that Montz was hired in Houston, Texas; that his paychecks are mailed to him from Houston, Texas; that the same attorney who represented Tenneco, Inc., also represented Tenneco Oil Company when it became defendant, (we note that most questions [by appellees' attorney] to Montz concerned his relationship with "Tenneco").

The evidence outlined above falls short of that necessary to satisfy the alter ego holding as found in *Gentry v. Credit Plan Corp., supra.*

Appellant cites *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex. 1975). In that case Ruth Hilland sued Continental Trailways, Inc., a Texas corporation, for injuries she sustained in Louisiana while getting off a bus marked "Continental Trailways". The bus involved was owned and operated by Continental Southern Lines, Inc., a Louisiana corporation. Hilland amended her suit after two years naming Continental Southern as defendant, and it asserted the two year statute of limitations. The sole purpose of Continental Trailways, Inc., was to preserve the trade name "Continental Trailways". Continental Southern Lines, Inc., had previously been Southern Bus Lines, Inc., and changed its name when it started operating under the trade name "Continental Trail-

ways". The trial court overruled the plea of limitations and the Court of Civil Appeals affirmed; the Supreme Court reversed on the limitations question, but remanded for trial in the interest of justice. In the court's opinion, Chief Justice Greenhill stated, "The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. While the plaintiff made a mistake in her original petition as to the defendant that should have been sued, it is our opinion that she should be given, under the circumstances here present, an opportunity to prove that the Continental Southern Lines, Inc., was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining evidence to defend the suit."

We will apply the facts in this case to the tests set forth in *Hilland.* In our discussion of *Gentry,* we enumerated several factors pertaining to identity, and will not enumerate them again. In addition, the record reflects the following: Tenneco, Inc., advised appellant in answer to admissions filed on December 11, 1980, that the store in question was not owned or operated by Tenneco, Inc., but was owned by Tenneco Oil Company. On December 19, 1980, Tenneco, Inc. filed cross questions to be answered by Dr. Albert M. Randolph, a medical doctor who treated appellant. On March 10, 1981, appellant filed her second amended original petition, still complaining of Tenneco, Inc. On May 22, 1981, appellant filed answers to Tenneco, Inc.'s second set of interrogatories (the record does not reflect when such interrogatories were filed). On July 7, 1981, Tenneco, Inc., filed answers to appellant's interrogatories which were filed on May 28, 1981. The first page of the instrument recites: "Now comes Tenneco, Inc., and files the following answers to Plaintiff's Interrogatories"; then follows the two pages of interrogatories submitted by appellant with answers supplied. The last page of the instrument is copied verbatim:

"Respectfully submitted,

THOMPSON & KNIGHT

By _____

Eugene W. Brees II
TBA Number 02947500

2300 Republic National Bank Building
Dallas, Texas 75201    214/655–7500

ATTORNEYS FOR DEFENDANT

TENNECO OIL COMPANY

By /s/ Eldon H. Montz
Eldon H. Montz

STATE OF TEXAS           )
                         )      AFFIDAVIT
COUNTY OF TARRANT        )

BEFORE ME, the undersigned authority, on this day personally appeared Eldon H. Montz, who being by me first duly sworn, on his oath stated that he is Retail Supervisor for Tenneco Oil Company, that he has the authority to execute this affidavit, that he has read the foregoing answers to Plaintiff's interrogatories, and that such answers are within his personal knowledge true and correct.

/s/ Eldon H. Montz
Eldon H. Montz

Subscribed and sworn to me on this 6th day of July, 1981, to certify which witness my hand and seal of office.

/s/ Bonnie Riggs
Notary Public in and for
the State of Texas.

My Commission Expires _____

Bonnie Riggs
Notary Public, State of Texas
Commission Expires February 28, 1985

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing Defendant's Answers to Plaintiff's Interrogatories was this _____ day of June, 1981, sent to all other counsel of record by certified mail, return receipt requested.

_____
Eugene W. Brees II"

We call attention to the fact that appellee designates itself as defendant and that the answers are sworn to by appellee's retail supervisor. On October 30, 1981, Tenneco, Inc. filed its second amended original answer, mentioned previously, denying ownership or management of the store in question. On April 13, 1982, the day of trial, Tenneco, Inc. filed its Motion in Limine.

From all of the foregoing, it is noted that from December 18, 1980, until the day of trial some sixteen months later, Tenneco, Inc. made no effort to have its subsidiary,

Tenneco Oil Company, substituted as defendant; Tenneco, Inc. continued during such period, responding and functioning as the defendant (except for the pleading submitted by Tenneco Oil Company), apparently unmindful of the attorney fees being incurred, and apparently not wishing to file a motion for summary judgment to get itself discharged from the suit. It is proper for this court to take judicial notice of the entire case as shown by the transcript. *Lopez v. Mexico-Texas Petroline & Asphalt Co.,* 281 S.W. 326 (Tex.Civ.App.—San Antonio 1926); *Texas Securities Corporation v. Peters,* 463 S.W.2d 263 (Tex.Civ.App.—Fort Worth 1971).

It is difficult to understand the position taken by Tenneco Oil Company—it alleges that the statute of limitations has run as to appellant's claim against it—yet, during the period of limitations, Tenneco Oil Company voluntarily responds to interrogatories propounded to Tenneco, Inc.; the attorney who has been representing Tenneco, Inc. now designates Tenneco Oil Company as the defendant, and that he is attorney for such defendant, and finally, the agent of Tenneco Oil Company answers under oath to such interrogatories.

Taking into account all of the factors listed, we hold that Tenneco Oil Company was cognizant of the facts surrounding appellants' cause of action, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit.

Judgment reversed and case remanded to the trial court.