Maria DE LEON TORRES, Appellant,

v.

Donald Harvey JOHNS, Indiv., et al., Appellees.

No. 13–85–298–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 13, 1986.

E. David Ramirez, Israel Ramon, Jr., Arturo R. Cantu, Edinburg, for appellant.

David J. Dunn, John R. Lyde, Brin & Brin, P.C., Corpus Christi, for appellees.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION

DORSEY, Justice.

This appeal from orders granting summary judgments raises the issue of when, and under what circumstances, the statute of limitations is tolled. The appellant, plaintiff below, was injured in an automobile accident. Defendant Donald Harvey Johns was the driver of a tractor-trailer rig which collided with appellant. Appellee O.B.I.-Hughes, Inc., employed Johns and owned the rig at the time of the accident. O.B.I.-Hughes has since merged into appellee Hughes Tool Company. The trial court held that the causes of action against the individual appellee and the two appellee corporations were barred by the two-year statute of limitations.[1]

The basis of the trial court's holding was that, although plaintiff's petition was timely filed, service was not properly had on any of the defendants within the statute of limitations. Whether limitations was tolled by ineffective attempts at service must be answered separately for the individual appellee and the corporate appellee. The controlling question with respect to appellant's attempts at service on appellee Johns is whether appellant exercised due diligence in securing service of process. With respect to appellees Hughes and O.B.I.-Hughes, the controlling question is whether these appellees were misled to their prejudice by service on Oil Base, Inc.

The chronology pertinent to these questions is taken from the summary judgment evidence, primarily appellee's answers to interrogatories propounded by appellant and the affidavit in support of appellant's response to the motion for summary judgment filed by appellant's attorney. Sometime prior to the automobile accident which caused the injuries made the basis of this suit, Oil Base, Inc., changed its name to O.B.I.-Hughes, Inc. The automobile accident occurred on December 7, 1980. Sometime in December of 1981, O.B.I.-Hughes merged into Hughes Tool Company. However, at the time of the accident, Hughes Tool Company already owned 100% of the O.B.I.-Hughes stock. Appellant filed her original petition on September 28, 1982, naming Oil Base, Inc., and "John Donald Harvey" as defendants. Nothing in the summary judgment evidence indicates how appellant arrived at these names. Hughes Tool admits in its answers to appellant's interrogatories that it learned of the lawsuit in October of 1982. Ostensibly, this knowledge was gained by appellant's attempt to serve Oil Base, Inc., with process. Also in October of 1982, appellant mailed process for "John Donald Harvey" to the sheriff of Montgomery County. Process was later returned unserved. On November 5, 1982, process was mailed to the district clerk of Jim Wells County, directing the clerk to serve "John Donald Harvey" at a Harris County address. Process was also mailed to the constable of Harris County on November 12, 1982. This was returned unserved on December 30, 1982, after the statute of limitations ran on December 7, 1982. Process was again mailed by appellant on March 10, 1983, to the district clerk of Jim Wells County, directing the clerk to serve "John Donald Harvey" at a Burnet, Texas, address. Process was also mailed to the sheriff of Burnet County on March 17, 1983. The sheriff served appellee Johns on March 23, 1983, and informed appellant of the error in the name. Appellant then amended its petition and served "Donald Harvey Johns" on March 25, 1983. In addition, appellant's attorneys made several phone calls during this time in an attempt to find "DONALD HARVEY JOHNS."

Appellant's attorney also swore that due diligence was exercised in attempting service on Johns and that appellant was "led to believe" that appellee's name was, in fact, Harvey. No explanation of this claim is given in the affidavit in support of appellant's response to appellee's motions for summary judgment. On March 23, 1983, appellant also filed its first amended petition, adding O.B.I.-Hughes and Hughes as defendants.

---

1. TEX.REV.CIV.STAT.ANN. art. 5526 (Vernon Supp.1986).

The primary purpose of a statute of limitations is to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. While the plaintiff made a mistake in her original petition as to the defendant that should have been sued, it is our opinion that she should be given, under the circumstances here present, an opportunity to prove that [appellee] was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit. *Price v. Anderson*, 522 S.W.2d 690 (Tex.1975); *Hallaway v. Thompson*, 148 Tex. 471, 226 S.W.2d 816 (1950). See also *Gentry v. Credit Plan Corporation of Houston, Tex.*, 528 S.W.2d 571 [Tex.1975]. . . .

*Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex.1975).

In an appeal from a summary judgment, the appellate court must view the summary judgment evidence in the light most favorable to the party opposing the summary judgment. Every fact which tends to oppose the summary judgment must be taken as true, and every reasonable inference indulged in favor of the party opposing the summary judgment. *Wilcox v. St. Mary's University of San Antonio, Inc.*, 531 S.W.2d 589 (Tex.1975); *Shehab v. Xanadu, Inc.*, 698 S.W.2d 491 (Tex.App.—Corpus Christi 1985, no writ). In the case at bar, there are two interrelated questions to be answered: the effect of the misnomer, and the effect of service beyond the limitation period.

The general misnomer rule is "if the plaintiff misnames the person sought to be held liable and serves that person, then the subsequent amendment of plaintiff's pleadings to correctly state the name of the defendant relates back to the date of the original petition." *Marez v. Moeck*, 608 S.W.2d 740 (Tex.Civ.App.—Corpus Christi 1980, no writ). See *Braselton-Watson Builders, Inc. v. Burgess*, 567 S.W.2d 24 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Astro Sign Company v. Sullivan*, 518 S.W.2d 420 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

■ The statute of limitations does not bar an action where a plaintiff files his petition within the statutory time limit but names the wrong defendant, then amends to name the correct defendant after the running of the statute of limitations, where the correct defendant at all times knew of the facts of plaintiff's case and was not misled nor placed at a disadvantage in obtaining relevant evidence to defend the suit. *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex.1975); *see Continental Southern Lines v. Hilland*, 528 S.W.2d 828 (Tex.1975); *Gentry v. Credit Plan Corporation of Houston*, 528 S.W.2d 571 (Tex. 1975). The entire record will be reviewed by the appellate court to determine whether the defendant was misled or placed at a disadvantage in defending the suit. *Howell v. Coca-Cola Bottling Co. of Lubbock, Inc.*, 595 S.W.2d 208, 212 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.).

■ Johns was a party to the collision upon which this suit was based. As a party, he would be cognizant of the facts surrounding the collision. The petition served upon Johns, while misstating his name, informed him that he was one of the intended defendants and that the subject of the suit was the collision between himself and appellant on December 7, 1980. We fail to find any facts in the record which show that Johns would have been misled or disadvantaged in defending the suit.

■ Where summary judgment is sought on the ground that suit is barred by the statute of limitations, the movant must assume the burden of proving as a matter of law that the suit was barred by the statute of limitations. *See Delgado v. Burns*, 656 S.W.2d 428 (Tex.1983). If the non-movant claims diligence in response, the movant must conclusively establish lack of diligence. *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975); *Walker v. Hanes*, 570 S.W.2d 534, 538 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). Johns offered no summa-

ry judgment evidence on non-movant's alleged lack of due diligence.

The question of diligence is generally one of fact. *Hamilton v. Goodson*, 578 S.W.2d 448 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ); *McDonald v. Evans*, 217 S.W.2d 870 (Tex.Civ.App.—Amarillo 1949, no writ). The test is whether the appellant used such diligence as an ordinarily prudent person would have used under similar circumstances; it is not a test of the highest degree of diligence. *McDonald v. Evans*, 217 S.W.2d at 870.

In the instant case, appellant established in her response to appellee's motion for summary judgment that she had mailed service of process five times in approximately a five-month period. Since appellee Johns did not attempt to negate appellant's allegations, he failed to carry his burden of negating the applicability of appellant's plea that diligence was exercised in securing service on appellee Johns. *See Zale*, 520 S.W.2d at 538; *Walker*, 570 S.W.2d at 540.

Appellant's sole point of error as to the appellee Donald Harvey Johns is sustained.

With respect to the limitations claim of Hughes, a statute of limitations is tolled by filing suit against the intended defendant, even if that defendant is incorrectly named, provided that the true defendant is not misled to its prejudice. *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex.1975). In the instant case, appellee Hughes admitted that it had notice of the suit over a month before the limitations ran. It had opportunity to begin gathering witnesses and preparing its defense, since it should have expected appellant to eventually name Hughes as the defendant. It was not prejudiced by the misnomer. In fact, the same attorney represented all three of the appellee corporations named by appellant. Each had the same agent for service of process.

In *Castro v. Harris County*, 663 S.W.2d 502, Harris County was named as defendant in a Tort Claims Act case instead of Harris County Flood Control District. However, the County Attorney's office handled the case, and also would have handled the case had it been filed against the correct defendant. Service was on the Commissioner's Court, which would have been the office to be served had the correct defendant been named. The Houston Court concluded that equity would not allow limitations to bar the suit, relying on *Price*, 522 S.W.2d at 692.

In *Gentry*, 528 S.W.2d at 571, the plaintiffs sued Credit Plan Corporation and joined Colonial Finance Corporation at a later date, which was more than two years after the cause of action accrued. Kelcor Corporation, with which Colonial merged, was joined as a defendant about eight months later. The Supreme Court determined that Credit Plan was simply one name under which Colonial did its business and the two entities would be considered as identical for the purpose of determining whether the present suit was barred by limitation. The Court held that the filing of suit against Credit Plan tolled the statute of limitations as to Colonial. The suit against Colonial and Kelcor was held not barred by limitations. *Gentry*, 528 S.W.2d at 575.

In the instant case, each of the entities had the same registered agent for service of process: C.T. Corporation Systems of Houston, Texas. The attorney of record for each of these entities is the same.

Because of the relationship of O.B.I.-Hughes, Inc., Oil Base, Inc., and Hughes Tool Company, we hold that the statute of limitations was tolled as to O.B.I.-Hughes, Inc., and Hughes Tool Company by the service of process on Oil Base, Inc. As there is no uncontroverted summary judgment evidence that O.B.I.-Hughes, Inc. and Hughes Tool Company were misled or placed at a disadvantage in obtaining evidence to defend the lawsuit, the summary judgments were improper. Appellant's point of error as to appellee corporations is sustained.

Appellant's final point of error alleges the trial court erred in denying appellant's motion to compel answers to interrogato-

ries propounded to Hughes Tool Company and O.B.I.-Hughes, Inc. asking the identity of the person who hired the trial attorneys of record to represent the appellee corporations. In light of our determination of the previous point of error, we find it unnecessary to address this point. ·TEX.R.CIV.P. 451.

The judgment of the trial court is REVERSED and the cause is REMANDED for a trial on the merits.