**Laird PALMER, Appellant,**

**v.**

**ENSERCH CORPORATION and Enserch Exploration, Inc., Appellees.**

**No. 14684.**

Court of Appeals of Texas, Austin.

April 1, 1987.

Rehearing Denied May 13, 1987.

John F. Morehead, Jim Parker, Daugherty, Kuperman, Golden & Morehead, Austin, for appellant.

Paul V. Enriquez, Dallas, for Enserch Corp.

Frank H. Pope, Jr., Dallas for Enserch Exploration, Inc.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an appeal from a summary judgment granted in favor of appellees Enserch Corporation and Enserch Exploration, Inc., both defendants below, whereby the trial court ordered that appellant Laird Palmer take nothing in his suit against either cor-

poration. We will reverse the judgment and remand the cause to the trial court for further proceedings.

Palmer filed suit in April 1983 against multiple defendants, including Enserch Corporation, for alleged damages to his property resulting from seismic exploration work conducted in July 1981. Palmer claimed that Enserch Corporation hired B & H Geophysical (B & H) to conduct the seismic testing, and that B & H damaged Palmer's property in the course of its operations. In April 1984, ten months after filing its general denial and more than two years after the alleged incident, Enserch Corporation filed its verified denial, claiming for the first time that it was not a proper party. Stated plainly, Palmer had named the wrong Enserch corporate defendant. When appellant then amended his pleadings and added Enserch Exploration, Inc. as a party, Enserch Exploration asserted the affirmative defense of limitations.

Both defendants filed motions for summary judgment, Enserch Exploration, Inc. urging its limitations defense and Enserch Corporation claiming a defect as party defendant. Palmer filed a response asserting issues in dispute, alleging reasons why Enserch Corporation was a proper party due to a corporate reorganization and also alleging reasons why Enserch Exploration, Inc. should not be permitted to assert the defense of limitations. Palmer further amended his pleadings, setting forth these alleged additional grounds of liability on the part of both corporations. Neither defendant filed amended pleadings, amended their summary judgment motions or filed any response to Palmer's claims.

It is undisputed that Enserch Exploration, Inc. was not made a party to the suit until more than two years after the incident in question and that the cause of action alleged is governed by the two-year statute of limitations. Tex.Civ.Prac. & Rem. Code Ann. § 16.003 (1986). In his first point of error, however, Palmer argues that the trial court erred in granting Enserch Exploration's motion for summary judgment based on limitations. We agree.

Statutes of limitations exist to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Robinson v. Weaver,* 550 S.W.2d 18 (Tex.1977); *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975); *Price v. Estate of Anderson,* 522 S.W.2d 690 (Tex.1975). Considering this underlying reason, there are situations in which courts have refused to apply these rigid statutes. *See Hilland, supra; Estate of Anderson, supra; see generally Howell v. Coca Cola Bottling Co. of Lubbock,* 595 S.W.2d 208 (Tex.Civ. App.1980), writ ref'd n.r.e., 599 S.W.2d 801 (Tex.1980) (disapproving opinion as to an unrelated point).

Our courts have held that when the wrong defendant is sued and the proper defendant is not named until after the statute has run, limitations will not bar the suit against the proper defendant, so long as the latter is cognizant of the facts, is not misled and is not placed at a disadvantage in obtaining the relevant evidence necessary for its defense. *Hilland, supra,* at 831; *Estate of Anderson, supra; Howell, supra.* The Texas Supreme Court has recently stated that there also must be a business relationship between the two defendants, apparently implied from *Hilland, supra. Matthews Trucking Co. v. Smith,* 682 S.W.2d 237 (Tex.1985). The entire record can be reviewed on appeal in making these determinations. *DeLeon Torres v. Johns,* 706 S.W.2d 693 (Tex.App.1986, no writ); *Howell, supra.* Waiver of application of the statute is especially compelling when the corporate defendants have reasonably similar names which might cause confusion, and when the "proper" defendant encourages or acquiesces in the answer filed by the improper defendant. *See Hilland, supra; DeLeon Torres v. Johns, supra; Sumrak v. Tenneco Oil Co.,* 648 S.W.2d 778 (Tex.App.1983, no writ); *See generally Sanchez v. Aetna Casualty & Surety Co.,* 543 S.W.2d 888 (Tex.Civ.App. 1976, writ ref'd n.r.e.).

As a general rule, a plaintiff must exercise diligence in the prosecution of his cause of action. The party must plead and prove that he exercised due care to prevent the running of the statute or else he cannot overcome the properly asserted defense of limitations. *Irwin v. Prestressed Structures, Inc.*, 442 S.W.2d 406 (Tex.Civ.App. 1969, writ ref'd n.r.e.). Under *Hilland, supra,* and its progeny, however, diligence is not the issue. The cause of action is asserted timely but against the wrong party. The issue is whether the protection of the limitations statute is equitable under the facts once the correct party is named.

In *Hilland,* the plaintiff sued Continental Trailways, Inc. instead of Continental Southern Lines, Inc., though she could have discovered the correct defendant, as the name was painted on the bus she rode and listed on her bus ticket. The court in *Hilland* held that regardless of the plaintiff's failure to sue the proper defendant, the plaintiff should be given the opportunity to prove that the proper defendant was cognizant of the facts, was not misled or placed at a disadvantage in obtaining relevant evidence to defend the suit, and if the plaintiff could so prove, then limitations should not apply. *Id.*

In *DeLeon Torres v. Johns, supra,* the plaintiff sued a corporate defendant in its former name held prior to the accident in question, then was permitted to add the correct defendant and the parent corporation which had since acquired the subsidiary, all after the statute had run. The court held that suit against the first defendant tolled the statute as to the latter two. In *Sumrak v. Tenneco Oil Co., supra,* the parent corporation defended the suit and made no effort to substitute the subsidiary company. Even though the correct defendant's identity was made known to the plaintiff in an interrogatory answer and could have been acted upon, the court permitted the second corporation to be named after limitations expired.

In *Sanchez v. Aetna Casualty & Surety Company, supra,* the appeal from the Industrial Accident Board award was filed by Aetna Life & Casualty, rather than by Aetna Casualty & Surety, who was the proper party, though the former company did not even write worker's compensation insurance, a fact surely within the company's knowledge. The Court in *Sanchez* concluded that since the defendant was apprised of the facts and was not prejudiced by Aetna's failure to properly and timely bring the appeal, Aetna's appeal was not barred. While *Sanchez* does not involve suit against the wrong defendant, it does concern a limitations problem, and exemplifies the court's focus on the notice to the defendant and not the diligence of the plaintiff.

In the cases above, the question of diligence was not the deciding factor. The correct party was permitted to be sued or substituted, since no party was misled or placed at a disadvantage by the error and the legitimate purpose of the statute of limitations would not be served by its application in such circumstances. Similarly, while knowledge of a lawsuit against the wrong party may impose no duty on the proper defendant to intervene or come forward in the usual case, *see Matthews Trucking Company, Inc., supra,* this is not true in those situations which meet the criteria of *Hilland* and its progeny.

The summary judgment motion and proof must be reviewed in light of the above guidelines. It is undisputed that the two corporations sued by Palmer have a business relationship. The summary judgment proof shows that at the time the alleged cause of action arose, Enserch Exploration, Inc. was a wholly-owned subsidiary of Enserch Corporation. After both corporations were joined as defendants, the two corporations merged. Thereafter, the parent company caused a "spin off" of certain assets into a newly formed subsidiary also labelled Enserch Exploration, Inc.

Each corporation had a different agent for service, but at the same address. Each had its own legal department. The in-house attorney for Enserch Exploration, Stephen Campbell, previously was an in-house attorney for Enserch Corporation. When suit was filed against Enserch Corporation, the named defendant sent copies

of the service and pleadings in May 1983 to Campbell, who forwarded copies to officials of Enserch Exploration and who also established and maintained a litigation file thereafter. Copies of all pleadings and correspondence continued to be sent from Enserch Corporation to Campbell, who continued to forward copies to various Enserch Exploration officials, including the one who might be responsible for any investigation. Campbell's deposition testimony indicates he received his information from Enserch Corporation "through inter-company mail." Enserch Exploration received copies of Enserch Corporation's pleadings and apparently acquiesced in the latter's filing an answer, and neither company took steps to have the subsidiary substituted as defendant. The attorney for Enserch Exploration conferred on occasion with others in the company and with the attorney for Enserch Corporation regarding the incident and the pending litigation. The proof indicates Enserch Exploration, Inc. had as much opportunity to prepare a defense as if it had been named in the original petition.

Following the seismic work of which Palmer complains, B & H informed Enserch Exploration of facts concerning Palmer's possible claim for trespass and damages. Thereafter, Palmer sent a demand letter to B & H in March of 1982. The contents indicated this was appellant's first realization "Enserch" might be involved, and a copy of the demand letter was sent to Enserch Exploration by appellant. The record is silent as to how appellant obtained this address or why suit later was filed against Enserch Corporation.

Although at some point before suit was filed, Palmer's attorney knew the name of the correct defendant, the fact that there are numerous related "Enserch" corporations, the similarity of these names, and the fact that the wrong corporation was initially named evidence some confusion. We note that even the two corporations concerned can be caught in the web, as page one of Enserch Corporation's brief is entitled, "Brief of Appellee, Enserch Exploration, Inc."

Further, Palmer amended his pleadings prior to the summary judgment hearing, alleging issues that if true could defeat the defense of limitations. More importantly, Palmer raised these issues in his response to the motion, and there is some summary judgment proof of Palmer's position.

To be entitled to summary judgment, the movant must conclusively prove all essential elements of the claim. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). The burden is on the movant to show there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Tex. R.Civ.P. Ann. 166–A(c) (Supp.1987).

When a defendant moves for summary judgment on the basis of an affirmative defense such as limitations, the movant must prove conclusively all elements of the defense as a matter of law, leaving no genuine issue of a material fact remaining. *Montgomery v. Kennedy,* 669 S.W.2d 309 (Tex.1984); *Delgado v. Burns,* 656 S.W.2d 428 (Tex.1983); *Swilley v. Hughes,* 488 S.W.2d 64 (Tex.1972). The movant has the burden of establishing limitations as a matter of law. *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889 (Tex. 1975). Once the movant established a right to a summary judgment, the non-movant in his response must expressly present any reasons seeking to avoid the movant's entitlement, and such reasons must be supported by summary judgment proof to establish a fact issue. *Westland Oil Development Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903 (Tex.1982); *Byrd International of Dallas, Inc. v. Electronic Data Systems Corp.,* 629 S.W.2d 177 (Tex.App.1982, writ ref'd n.r.e.). If a movant establishes an affirmative defense which would bar the suit as a matter of law, as did Enserch Exploration, Inc., the non-moving party must then adduce summary judgment proof raising a fact issue in avoidance of the affirmative defense, for example, facts which would bring the matter within an exception or defense to the movant's affirmative defense. *See, "Moore" Burger, Inc. v. Phillips Petroleum Company,* 492 S.W.2d 934 (Tex.1972); *Cobb v. West Texas*

*Microwave Co.,* 700 S.W.2d 615 (Tex.App. 1985, writ ref'd n.r.e.). It was Palmer's burden, therefore, to adduce summary judgment proof raising a fact issue regarding his defense in avoidance of the statute of limitations. We hold that he did so.

■ If the non-movant has responded with proof of a basis for "tolling" the statute, the movant then has the burden to negate as a matter of law why the statute should not be tolled. *Delgado, supra.* Likewise, the movant must show there is no basis for applying the exception to the statute of limitations pursuant to the *Hilland* test and related cases. This Enserch Exploration has not done. Enserch Exploration, Inc. asserted only that Palmer knew the correct corporate name and should not be excused by his own mistake.

On review by the appellate court, in deciding whether there is a disputed material fact, all evidence as to a disputed fact favorable to the non-movant must be taken as true, and every reasonable inference must be granted in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex.1985). *See also* Hittner, "Summary Judgments in Texas," 22 Hous.L.Rev. 1109 (1985).

■ The proof before us on appeal raises a genuine issue as to whether Enserch Exploration, Inc. should be precluded from asserting the limitations defense under the *Hilland* test. Accordingly, summary judgment in favor of Enserch Exploration was improper. Appellant's first point of error is sustained.

Palmer urges in his second point that the trial court erred in granting Enserch Corporation's motion for summary judgment. We again agree.

Palmer originally sued Enserch Corporation on the basis of its contractual relationship with B & H, when this cause of action properly should have been asserted against Enserch Exploration, Inc. Enserch Corporation filed a verified amended answer denying liability on the basis of defect of parties. Tex.R.Civ.P.Ann. 93(4) (Supp. 1987). This was the sole ground set out in

support of its motion for summary judgment. Palmer amended his pleadings before the hearing, however, alleging liability in an additional capacity as the surviving corporation following a merger. In his response to Enserch Corporation's motion for summary judgment, Palmer likewise presented evidence of the merger and argued that Enserch Corporation was liable as a result of the merger. Enserch Corporation never amended its motion to address this basis of liability, and its summary judgment proof failed to establish as a matter of law a defect of parties under this theory.

Texas Bus.Corp.Act Ann. art. 5.06(A) (1980) provides that when there is a merger of two Texas corporations, the surviving corporation is "responsible and liable for all liabilities and obligations of each...." It is undisputed that this merger occurred and that Enserch Corporation survived. After the merger, Palmer amended his pleadings to include a cause of action against Enserch Corporation due to its assumption of all existing obligations of Enserch Exploration, Inc., pursuant to the merger.

Enserch Corporation takes the position that its plea of defective parties is an affirmative defense, and therefore the decision in this appeal should be governed by the holding in *"Moore" Burger, Inc. v. Phillips Petroleum Company, supra.* Under the rule in *"Moore" Burger,* once the movant establishes his affirmative defense as a matter of law, the non-moving party has the burden to adduce summary judgment proof raising a disputed fact issue which would preclude summary judgment.

While a Rule 93(4) pleading is more in the nature of an ordinary defense which tends to deny and rebut the plaintiff's factual assertions, without ruling on the character of a verified denial, even if Enserch Corporation were correct, the motion was improperly granted since appellee failed to establish its basis for summary judgment as a matter of law.

■ The motion for summary judgment will stand or fall on the grounds specifical-

ly set forth therein. *Ortiz v. Spann,* 671 S.W.2d 909 (Tex.App.1984, writ ref'd n.r.e.). Enserch Corporation's summary judgment motion does not address its potential liability allegedly resulting from the corporate merger, and its proof wholly fails to establish that this merger could not be governed by the referenced provision of the Tex.Bus. & Com. Code thereby rendering appellee a defective party. Palmer offers some evidence to the contrary, though the non-movant has no burden in response unless the movant has conclusively established his defense. *See, Torres v. Western Casualty & Surety Co.,* 457 S.W.2d 50 (Tex.1970).

Enserch Corporation does not dispute the statutory provision of art. 5.06 and cites no authority which would prevent its application under these facts. Since we hold that summary judgment in favor of Enserch Exploration based on limitations was improper, the action against Enserch Corporation likewise is not barred. Of course, Palmer can only recover, if at all, against one of the two corporate defendants as provided in Tex.Bus.Corp.Act Ann. art. 5.06A(5) (1980).

Both of appellant's points of error are sustained. The judgment of the trial court granting appellees' motions for summary judgment is reversed, and the cause remanded to the trial court for further proceedings.