NUMBER 13-99-009-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


SYSCO FOOD SERVICES OF SAN ANTONIO, INC., Appellant,


v.



MIGUEL RAMIREZ, Appellee.

____________________________________________________________________


On appeal from the 370th District Court of Hidalgo County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Hinojosa



 Appellee, Miguel Ramirez, sued Tommy Villarreal and Sysco
Corporation ("Sysco Corp.") for personal injuries received in a traffic
accident. He later added appellant, Sysco Food Services of San
Antonio, Inc. ("Sysco SA"), as a defendant. The case was tried to a
jury, and after the close of evidence, appellee non-suited Sysco Corp. 
Sysco SA then moved for a directed verdict, and the trial court denied
the motion. The jury found that: (1) Villarreal, Sysco SA's employee,
was negligent and in the course and scope of his employment with
Sysco SA, and (2) appellee had suffered actual damages in the amount
of $35,000. Sysco SA then filed a motion for judgment notwithstanding
the verdict. The trial court denied the motion and signed a judgment in
favor of appellee. By a single point of error, Sysco SA contends the trial
court erred by denying its motion for instructed verdict, by overruling
its motion for judgment notwithstanding the verdict, and by entering
judgment for appellee because appellee's claims were barred by
limitations. We affirm.

A. Standard of Review


 A directed or instructed verdict is proper when: (1) a specifically
indicated defect in the opponent's pleadings makes it insufficient to
support a judgment; (2) the evidence conclusively proves a fact that
establishes a party's right to judgment as a matter of law; or (3) the
evidence offered on a cause of action is insufficient to raise an issue of
fact. City of Alamo v. Casas, 960 S.W.2d 240, 248 (Tex. App.--Corpus
Christi 1997, pet. denied); Nelson v. American Nat'l Bank of Gonzales,
921 S.W.2d 411, 414 (Tex. App.--Corpus Christi 1996, no writ). A
judgment notwithstanding the verdict is authorized only where the trial
court determines that no evidence supports the jury's findings. 
Mancorp v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990). We review
denials of motions for instructed verdict and motions for judgment
notwithstanding the verdict by a legal sufficiency or "no evidence"
standard of review. Casas, 960 S.W.2d at 248; City of Alamo v.
Montes, 904 S.W.2d 727, 732 (Tex. App.--Corpus Christi 1995, writ
dism'd, 934 S.W.2d 85 (Tex. 1996).

 When we review a no-evidence point of error, we must consider
only the evidence and reasonable inferences therefrom which tend to
support the jury findings. Redman Homes. Inc. v. Ivy, 920 S.W.2d 664,
667 (Tex. 1996); Responsive Terminal Sys., Inc. v. Boy Scouts of Am.,
774 S.W.2d 666, 668 (Tex. 1989); Casas, 960 S.W.2d at 248-49. A
legal sufficiency challenge should be sustained only when the record
shows that: (1) there is a complete absence of evidence of a vital fact;
(2) the court is barred by rules of law or evidence from giving weight to
the only evidence offered to prove a vital fact; (3) the evidence offered
to prove a vital fact is no more than a scintilla; or (4) the evidence
conclusively established the opposite of a vital fact. Cecil v. Smith, 804
S.W.2d 509, 510 n.2 (Tex. 1991); Casas, 960 S.W.2d at 249.

B. Limitations


 Sysco SA complains that appellee's cause of action is barred by
limitations. Generally, a plaintiff must bring his action for personal
injury not later than two years after the date the cause of action
accrues. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp.
2000). Statutes of limitations exist to compel the exercise of a right
within a reasonable time so that the opposite party has a fair
opportunity to defend while witnesses are available and the evidence
is fresh in their minds. Willis v. Maverick, 760 S.W.2d 642, 644 (Tex.
1988); Continental S. Lines, Inc. v. Hilland, 528 S.W.2d 828, 831 (Tex.
1975); Price v. Estate of Anderson, 522 S.W.2d 690, 692 (Tex. 1975);
Palmer v. Enserch Corp., 728 S.W.2d 431, 433 (Tex. App.--Austin
1987, writ ref'd n.r.e.). 

 Considering only the evidence supporting the jury verdict, the
record shows that appellee was injured on April 27, 1994, when a
semi-tractor trailer rig disregarded a flagman's instructions and drove
through an intersection where appellee was working on a traffic light. 
The rig, which had "Sysco" painted on its side, collided with a utility
truck bucket in which appellee was suspended, crushing him against
the traffic light. The rig drove off without stopping, but the flagman
was able to get a description of the rig and a partially-correct license
plate number.

 McAllen police investigated the incident as a hit and run. Soon
after the accident, they contacted the Sysco Food Services warehouse
in nearby Mercedes and were given the telephone number of Sysco
SA's main office in San Antonio. Two Sysco SA supervisors, Joe Galant
and Michael Archuleta, assisted the police in the investigation. They
eventually identified the driver of the rig as Tommy Villarreal, a Sysco
SA employee.

 Appellee filed suit on April 18, 1996, nine days before the statute
of limitations expired. He named Villarreal and Sysco Corp. as
defendants. Villarreal was apparently never served, although citation
was issued. Sysco Corp. was served on May 2, 1996, with citation, the
petition, and various discovery requests. Sysco Corp.'s verified answer
denied that Villarreal was its employee, and alleged an unspecified
defect in the parties. On November 21, 1996, Sysco Corp. filed a
motion for summary judgment on the grounds that it did not own the
vehicle involved in the accident and that Villarreal was not its employee. 
Sysco Corp. asserted that Villarreal was an employee of Sysco SA, a
wholly-owned subsidiary of Sysco Corp. On December 6, 1996,
appellee amended his petition and added Sysco SA as a defendant in
the suit. Sysco SA was served with citation on December 29, 1996,
two years and eight months after the accident.

 The statute of limitations was not created to provide a log behind
which opportunistic defendants could smugly lie for two years and then
emerge solemnly proclaiming their rights under the statute, when the
facts show that such defendants were fully aware that the plaintiffs
were legally mistaken as to their identity. Castro, 663 S.W.2d at 505. 
Limitations may be tolled in cases where the doctrine of
misidentification applies. Misidentification generally occurs where two
corporations have the same or similar names, and the plaintiff has
mistakenly sued the wrong entity. Enserch Corp. v. Parker, 794 S.W.2d
2, 5 (Tex. 1990); Matthews Trucking Co. v. Smith, 682 S.W.2d 237,
239 (Tex. 1984). Texas courts have held that where the proper
defendant knew of the facts of the suit, was not misled, and was not
placed at a disadvantage in obtaining relevant evidence necessary for
its defense, limitations will not bar the plaintiff's suit where the wrong
defendant is sued first and the proper defendant is added after the
statute of limitations has run. Parker, 794 S.W.2d at 5-6; Matthews
Trucking, 682 S.W.2d at 239; Continental S. Lines, 528 S.W.2d at 831;
Palmer, 728 S.W.2d at 433. The diligence of the plaintiff in suing the
proper defendant before the statute runs is not important; the
controlling issue is whether the legitimate purpose of the statute of
limitations would be served by its application where no party was
misled or placed at a disadvantage by the error in pleading. Palmer,
728 S.W.2d at 434. This equitable exception to limitations is narrowly
limited to situations where the proper defendant and the defendant
named in the petition have a business relationship. Parker, 794 S.W.2d
at 6; Matthews Trucking, 682 S.W.2d at 239; Cortinas v. Wilson, 851
S.W.2d 324, 327 (Tex. App.--Dallas 1993, no writ). Factors considered
by courts in determining whether a defendant who is added after the
statute of limitations has run has been misled or prejudiced include: 

(1) Both defendants were fully cognizant of the facts and
could not have been misled as to the basis of the suit. 
Parker, 794 S.W.2d at 6; De Leon Torres v. Johns, 706
S.W.2d 693, 696 (Tex. App.--Corpus Christi 1986, no
writ);


(2) The proper defendant had actual knowledge of the
incident and had as much opportunity to prepare a
defense as if it had been named in the original petition. 
 Price , 522 S.W.2d at 692 (Tex. 1975); De Leon
Torres, 706 S.W.2d at 696; Palmer, 782 S.W.2d at
435;


(3) Both defendants had the same attorney. Parker, 794
S.W.2d at 5-6; Continental S. Lines, 528 S.W.2d at
830; De Leon Torres, 706 S.W.2d at 696; Castro v.
Harris Co., 663 S.W.2d 502, 505 (Tex. App.--Houston
[1st Dist.]1983, writ dism'd w.o.j.);


(4) The defendants had separate but intertwined legal
departments. Parker, 794 S.W.2d at 5-6; Palmer, 782
S.W.2d at 434-35;


(5) The defendants had the same agent for service. 
Continental S. Lines, 528 S.W.2d at 830; De Leon
Torres, 706 S.W.2d at 696; Castro, 663 S.W.2d at 505;


(6) The defendants had different registered agents for
service, but at the same address. Palmer, 782 S.W.2d
at 434;


(7) The two defendants did business under one name. 
Continental S. Lines, 528 S.W.2d at 830; Gentry v.
Credit Plan Corp. of Houston, 528 S.W.2d 571, 575
(Tex. 1975);


(8) Service of citation may actually have been forwarded to
the proper defendant. Continental S. Lines, 528
S.W.2d at 830-31;


(9) Employee of proper defendant reported the accident to
his employer. Continental S. Lines, 528 S.W.2d at 831;
and


(10) One defendant was a wholly-owned subsidiary of the
other. Parker, 794 S.W.2d at 4; Palmer, 728 S.W.2d at
434.


 Here, the record reflects that:

(1) Sysco SA knew of the accident very shortly after it
happened and actually assisted the police in
determining that one of its drivers was involved;


(2) Sysco SA is a wholly-owned subsidiary of Sysco Corp.;


(3) Sysco SA's trucks, including the one that struck
appellee, had "Sysco" painted on their sides,
suggesting both companies "did business" under the
same name;


(4) The two companies had the same registered agent for
service at the same address; and


(5) Both companies were represented in this matter by the
same law firm.


C. Failure to Plead and Prove "No Prejudice" Exception


 Sysco SA complains that appellee failed to plead and prove the "no
prejudice" exception that tolls the statute of limitations in cases of
misidentification.

 As a prerequisite to presenting a complaint for appellate review,
the record must show that the complaint was made to the trial court by
a timely request or objection. Tex. R. App. Proc. 33.1(a)(1). The reason
for requiring a timely request or objection is threefold: (1) fairness to all
parties requires a litigant to advance complaints at a time when there
is an opportunity to respond or cure them; (2) reversing a case for error
not raised in a timely fashion permits the losing party to second guess
its tactical decisions after they do not produce the desired result; and
(3) judicial economy requires that issues be raised first in the trial court
in order to spare the parties and the public the expense of a potentially
unnecessary appeal. Cross Marine, Inc. v. Lee, 905 S.W.2d 22, 25
(Tex. App.--Corpus Christi 1995, writ denied); see also Tex. R. App.
Proc. 33.1(a)(1)(A) (motion must state grounds for ruling sought with
sufficient specificity to make trial court aware of complaint).

 In both its oral motion for instructed verdict and written motion for
judgment notwithstanding the verdict, Sysco SA alleged only that there
was no evidence to support a jury finding against it. Sysco SA did not
complain to the trial court of any defect in pleading or findings of the
jury. Therefore, this complaint has not been preserved for our review.

D. Conclusion


 The record shows that Sysco SA had full knowledge of the
accident and had ample opportunity to conduct its own investigation of
the facts. In no way was Sysco SA misled or prejudiced by appellee's
error in pleading. Clearly, the doctrine of misidentification applies in this
case.

 Because the doctrine of misidentification applies, we hold the
statute of limitations was tolled and appellee's cause of action against
Sysco SA was not barred by limitations. Accordingly, the trial court did
not err in denying Sysco SA's motion for instructed verdict, in overruling
Sysco SA's motion for judgment notwithstanding the verdict, or by
entering judgment for appellee. We overrule appellant's sole point of
error.

 The judgment of the trial court is affirmed.



 FEDERICO G. HINOJOSA

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 10th day of August, 2000.