Affirmed and Plurality Memorandum and Concurring Memorandum Opinions
filed May 8, 2003










Affirmed and Plurality Memorandum
and Concurring Memorandum Opinions filed May 8, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00582-CV

____________

 

PATRICK OLAJIDE AKINWAMIDE, Appellant

 

V.

 

TRANSPORTATION INSURANCE COMPANY,

AUTOMATIC DATA
PROCESSING, INC.,

and CNA INSURANCE CO., Appellees

 



 

On Appeal from the 80th District Court

Harris County, Texas

Trial Court Cause No. 01-34382

 



 

P L U R A L I T Y    M
E M O R A N D U M    O P I N I O N








After an unsuccessful lawsuit to recover on a workers= compensation claim, appellant
Patrick Olajide Akinwamide filed a second suit against his employer and two
insurance companiesCappellees Automatic Data Processing, Inc., Transportation
Insurance Co., and CNA Insurance Co.Calleging fraud, negligence, and
fraudulent concealment.  Upon motion by
appellees, the trial court granted summary judgment based on limitations, res
judicata, and collateral estoppel. 
Appellant now appeals, asserting two points of error.  We affirm.

                                       FACTUAL
AND PROCEDURAL HISTORY

In June of 1991, appellant Patrick Olajide Akinwamide filed a
worker=s compensation claim with the Texas
Industrial Accident Board (IAB).  He
claimed he had developed severe asthma, chronic rhinitis, hypertension, and a
hernia due to inhalation of second-hand smoke while working at appellee
Automatic Data Processing, Inc. (ADP).[1]

In August of 1997, the IAB issued its final ruling regarding
appellant=s alleged injuries and denied
appellant=s claim.  Unhappy with the decision, appellant filed an
appeal with the IAB and, on September 23, 1997, filed suit against ADP in the
80th District Court.  Later, he alleged
fraudCand sought to add ADP=s insurers, appellees Transportation
Insurance Co. (TIC) and TIC=s parent corporation, CNA Insurance Co. (CNA), as
defendants.  The trial court denied
appellant=s motion to join TIC and CNA.

In June of 2000, appellant=s case was tried before a jury and
the jury found appellant had not timely filed his appeal from the ruling of the
IAB.  Appellant has appealed this finding
and the case is now pending before the Thirteenth Court of Appeals in Corpus
Christi, Texas.








In a second lawsuitCfiled July 6, 2001Cappellant recommenced his efforts to
recover damages from ADP, TIC, and CNA. 
This time he sued the three for fraud, negligence, and fraudulent
concealment, alleging all three had conspired to misrepresent facts pertinent
to appellant=s claim for compensation. 

In March 2002, appellees filed a motion for summary judgment
in the second lawsuit, relying upon the applicable statute of limitations, res
judicata, and collateral estoppel.  On
April 15, 2002Cas a result of this motionCthe trial court signed an order
dismissing all claims against appellees. 
Appellant filed a timely notice of appeal.

ISSUES ON APPEAL

Appellant, a pro se litigant, asserts two points of
error.  First, he contends the trial
court improperly granted appellees= motion for summary judgment because
appellees failed to carry their burden to show an absence of material fact on
appellant=s equitable tolling defense to
limitations.  Next, he asserts the trial
court erred in granting the motion for summary judgment. 

STANDARD OF REVIEW

Summary judgment is proper when the movant establishes that
there is no genuine issue of material fact and that he is entitled to judgment
as a matter of law.  Tex. R. Civ. P. 166a(c); Hughes Wood
Products, Inc. v. Wagner, 18 S.W.3d 202, 205 (Tex. 2000).  Summary judgment for a defendant is proper
when the defendant negates at least one element of each of the plaintiff=s theories of recovery or pleads and
conclusively establishes each element of an affirmative defense.  See Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997); Lake Charles Harbor & Terminal Dist. v.
Board of Trustees of Galveston Wharves, 62 S.W.3d 237, 241 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied). 








Once the movant has established entitlement to summary
judgment, the burden shifts to the nonmovant to show why summary judgment
should not be granted.  Casso v. Brand,
776 S.W.2d 551, 556 (Tex. 1989).  In
deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true. Nixon
v. Mr. Property Management Co., 690 S.W.2d 546 (Tex. 1985).  Every reasonable inference must be indulged
in favor of the nonmovant and any doubts resolved in his favor.  Id. 

DISCUSSION

In his first point of error, appellant asserts the trial
court erred in granting summary judgment because appellees failed to carry
their burden to show the absence of material fact issues on appellant=s equitable tolling defense to
limitations.  Citing Palmer v. Enserch,
appellant claims that ifCafter a movant establishes his prima facie right to summary
judgment based on limitationsCa nonmovant introduces or points to reasons for tolling the
limitations statute, the movant must show there is no basis for applying the
tolling exception to the statute of limitations.  728 S.W.2d 431, 436 (Tex. App.CAustin 1987, writ ref=d n.r.e.).  Because appellees failed to provide summary
judgment proof negating appellant=s tolling claim, he asserts,
appellees= summary judgment motion fails.

We disagree.  While it
is true the burden shifted to appellant after appellees conclusively
established the elements of their defense of limitations, it is not true
that the burden shifted back to appellees when appellant merely countered with
the defensive issue of tolling without supporting summary judgment proof.  Rather, appellant had the burden to point to
summary judgment proof in the record addressing each element of his tolling
claim.  See  Nicholson v. Memorial Hosp. System, 722
S.W.2d 746, 749 (Tex. App.CHouston [14th Dist.] 1986, writ ref=d n.r.e.).  Indeed, appellant was obligated to raiseCby competent summary judgment proofCa genuine issue of fact on each
element of his tolling affirmative defense to limitations.  See id.  Similarly, the Palmer court stated
once the movant establishes a right to a summary judgment, the non-movant is
required to expressly present any reasons seeking to avoid the movant=s entitlement, and such reasons must
be supported by summary judgment proof.  Palmer,
728 S.W.2d at 435.  

This he
did not do.  While appellant made
conclusory statements that the statute of limitations should be tolled because
of equitable estoppel, fraud, and fraudulent conceal-ment,[2]
he provided no summary judgment proof on the most critical element of these
issuesCnamely, that appellees had falsely
represented or concealed a material fact. 
Instead, appellant alleges that appellees made false
representations that there was a workers= compensation insurance policy that
insured ADP for appellant=s injuries, and that appellees made these false representations
to deter appellant from suing ADP in civil court.  Appellant, however, points to no proof
actually indicating ADP lacked coverage or engaged in conspiratorial
communications with TIC and/or CNA.[3]  Merely raising a defense to limitations will not
defeat a summary judgment.  Id.  

Because
we find appellees offered proof supporting their affirmative defense of
limitations, we find appellees established their entitlement to summary
judgment as a matter of law.[4]  Further, because appellant offered no summary
judgment proof to support his fraud and misrepresentation tolling claims, we
find appellant failed to rebut appellees= limitations defense and failed to
shift the burden of proof back to appellees. 
Appellees were not required to respond to appellant=s assertion of a defense to their
affirmative defense because appellant failed to adduce summary judgment proof
raising a fact issue in avoidance of the affirmative defense of
limitations.  Palmer, 728 S.W.2d
at 435.  On this basis alone  appellant=s first appellate issue fails.  








Moreover,
even if appellant had offered summary judgment proof supporting the elements
necessary to toll the running of the limitations period, the estoppel is not
permanent.  Equitable estoppel and fraudulent
concealment only toll or suspend a statute of limitations until a party learns
of the facts that give rise to the cause of action.  Arabian Shield Dev. Co. v. Hunt, 808
S.W.2d 577, 584 (Tex. App.CDallas 1991, writ denied). 
Thus, once appellant learned of appellees= alleged deceit, his tolling period
ended.  See id.  

Because
appellant asserts in his brief that he first learned of appellees= possible misrepresentations “on or
about” November 13, 1998, when he obtained certain documents from the IAB, his
tolling period ended.  Because he filed
his “fraudulent concealment” suit against appellees on July 6, 2001, more than
two years after learning of the deceit, appellant=s suit was untimely.­  Accordingly, we overrule appellant=s first point of error.








In his
second point of error, appellant asserts the trial court erred in granting
summary judgment.[5]  Appellant cites Malooly Brothers v. Napier,
461 S.W.2d 119 (Tex. 1970), thus making this point of error a general
assignment of error challenging all bases upon which the judgment could have
been granted.  Appellant only brought two
grounds in support of the summary judgment motion: limitations, and res
judicata and collateral estoppel. 
Appellant=s point of error one, addressed above, challenged the
limitations ground; a fortiori, this Malooly point constitutes a
challenge to the res judicata/collateral estoppel ground.  We understand Malooly, taken as a
whole, to hold that even a broad point of error must still be supported by
argument challenging each independent summary judgment ground.  See Plexchem Int’l, Inc. v. Harris County
Appraisal Dist., 922 S.W.2d 930, 931 (Tex. 1996) (holding appellant
preserved error on issue where, in addition to asserting broad point of error
that court erred in granting summary judgment, appellant=s brief presented three pages of
argument and authorities on the issue);  Pena
v. State Farm Lloyds, 980 S.W.2d 949, 958 (Tex. App.CCorpus Christi 1998, no pet.)
(holding broad point of error does not relieve appellant from obligation to
provide sufficient argument and authorities to sustain each ground of
reversal).  Otherwise, the assertion of a
broad point of error would shift the burden to the appellate court to search the
record for grounds on which to reverse the summary judgment.  This would remove the court from its position
of impartiality and require it to become an advocate for appellant.  

Here,
appellant has not advanced any argument or authorities supporting his challenge
to the appellant=s second summary judgment ground.  Thus, whether or not appellant preserved
error on appellees= summary judgment ground of res judicata/collateral estoppel
is problematic. 

Nevertheless,
we note summary judgment is proper if the defendant establishes all elements of
an affirmative defense.  Am. Tobacco
Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  Therefore, because we find appellees
successfully asserted their limitations defense, we need not reach this
issue.  

Accordingly, we affirm the trial court=s judgment in cause number 01-34382.

 

 

 

/s/        John
S. Anderson

Justice

 




 

Judgment
rendered and Plurality Memorandum and Concurring Memorandum Opinions filed May
8, 2003.  (Frost, J., concurring.)
(Yates, J., concurs in result only.)

 

Panel consists of Justices Yates,
Anderson, and Frost.

 











[1]  From
September, 1989 through April, 1990, appellant worked in a workspace located in
one of ADP=s designated smoking areas.  On April 8, 1990, appellant was transferred
to another location where smoking was prohibited.  On March 4 1991, ADP became a smoke-free
environment, with no smoking permitted anywhere.

In an ADP AReport
of Injury or Illness@ dated September 6,1991, the date of appellant=s injury is listed as May 1, 1991; in a second ADP AReport of Injury or Illness@ dated September 13, 1991, the date listed is May 13,
1991; and in appellant=s original petition filed September 23, 1997,
appellant alleges he sustained injuries on October 15, 1989.





[2]  In order to invoke
equitable estoppel, a party must establish (1) a false representation or
concealment of material facts; (2) made with knowledge, actual or constructive,
of those facts; (3) with the intention that it should be acted on; (4) to a
party without knowledge or means of obtaining knowledge of the facts; (5) who
detrimentally relies on the representations. 
See Johnson v. Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962
S.W.2d 507, 515B16 (Tex. 1998). 
Common-law fraud is proved when (1) a material representation was made;
(2) the representation was false; (3) when the representation was made, the
speakers knew it was false or made it recklessly without any knowledge of the
truth and, as a positive assertion; (4) the representation was made with the
intention that it be acted upon by the other party; (5) the party acted in
reliance upon the representation; and (6) the party suffered injury.  Id. at 524.  Fraudulent concealment tolls or suspends the
running of a limitations period when a party demonstrates (1) the existence of
an underlying tort; (2) the defendant=s
knowledge of the tort; (3) the defendant=s use of
deception to conceal the tort; and (4) the plaintiff=s reasonable reliance on that deception.  See DiGrazia v. Old, 900 S.W.2d 499,
502 (Tex. App.CTexarkana 1995, no writ); Arabian Shield Dev. Co.
v. Hunt, 808 S.W. 2d 577, 584 (Tex. App.CDallas
1991, writ denied).  





[3]  In his brief,
appellant asserts that four documents in the record (exhibits F, G, I and M),
as well as his employment file (not in the record) provide proof ADP was not
a subscriber to Texas Worker=s
Compensation Insurance and Aprobably@ had no
policy in force at the time of appellant=s injury
on October 15, 1989.  These documents
include

$          Exhibit
FCa copy of a letter from ADP to CNA dated 9-6-91 that
requested CNA handle appellant=s claim;  

$          Exhibit
GCa copy of (1) a Texas Workers= Compensation Commission (TWCC) notice Creceived by TWCC on 8-6-87Cstating ADP=s insurance
policy with TIC numbered WC001704296 was being replaced by policy number WC
001597635 and would run from 7-1-87 Auntil
cancelled@; and (2) a TWCC noticeCreceived
by TWCC on 8-7-92Cstating ADP=s
coverage with TIC under policy number WC 001597635 was terminated 7-1-92.  

$          Exhibit
I: a copy of a TWCC form sent to ADPCdated
9-16-91 and referencing TICCrequesting ADP furnish a copy of appellant=s original injury report; and  

$          Exhibit
M: a copy of a TWCC formCdated 3-8-99Cstating
that Aafter a diligent search,@ no
record of any ADP policy number WC 507415814 could be found. The form further
states that this information Ashould not imply proof of coverage, or lack of
coverage, for the listed company, only that the Commission has no insurance
coverage records.@  

After careful review of these documents,
we find appellant=s exhibits are not summary judgment proof that
ADP lacked coverage or that ADP conspired to commit fraud; rather, the exhibits
indicate ADP had a policy with TCI and its parent, CNA, during the time of
appellant=s alleged injury; that this coverage lasted at least
until July 1, 1992; and that ADP in fact made an effort to get CNA to settle
appellant=s claim and TWCC made an effort to obtain appellant=s injury report. 
The fact that TWCC found no record of a specific policy number  years after appellant filed his claim does
not prove ADP never had coverage; rather, it proves only that the Commission
does not have a record of it.   





[4]  A defendant
seeking summary judgment on the affirmative defense of limitations has the
burden to conclusively establish that defense. 
When the plaintiff pleads the discovery rule as an exception to
limitations, the defendant must negate that exception as well.  Velsicol Chem. Corp. V. Winograd, 956
S.W.2d 529, 530 (Tex. 1997); Woods v. William M. Mercer, Inc., 769
S.W.2d 515, 518 n. 2 (Tex. 1988).  
However, appellant=s first issue on appeal raises equitable tolling
as a defense to limitations, not discovery.  Even conceding appellant raised the discovery
rule, appellees negated it inasmuch as they attached to the summary judgment
motion a copy of appellant=s original petition in the first suit, filed during
September, 1997.  Moreover, there was no
confusion regarding the workers= compensation carrier for appellant=s employer, Automatic Data Processing.  A letter dated April, 1992 from the Texas
Workers= Compensation Commission to appellant stated A[t]he workers=
compensation insurance carrier for Automatic Data Processing for your claim is
CNA Insurance Company.@ 

Appellees conclusively established the
defense of limitations by pointing to proof in the record that appellant=s injuries were sustained on October 15, 1989; that
appellant filed notice of the injury and a claim for compensation with the IAB
on June 13, 1991; that appellant filed his first lawsuit on September 25, 1997;
and that appellant filed his second lawsuit on July 6, 2001.  Because we find the date on which appellant
filed this lawsuit to be more than eleven years after the date the alleged
smoke inhalation and lung damage occurred, we find appellant did not bring his
cause of action within the two-year limitations period.  See Tex.
Civ. Prac. & Rem. Code Ann. '
16.003(a) (Vernon 2002).





[5]   Appellant=s statement within this point incorporates elements of
the rule announced in Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623
(Tex. 1996).  In Cates, the court
held the appellate court must review all of the summary judgment grounds on
which the trial court actually ruled, whether granted or denied, and which are
dispositive of the appeal.  Id. at
626.  Here, the final summary judgment
signed April 15, 2002 does not state the basis for the ruling.  The trial court in Cates ruled on all
the summary judgment grounds presented, granting some and denying others.  Id. 
Because the facts in the case sub judice do not track those in Cates,
the rule announced there is not applicable here.