Lucia **HERNANDEZ** and husband,
Jose Hernandez, Appellants,

v.

**FURR'S SUPERMARKETS,
INC., Appellee.**

No. 08–95–00322–CV.

Court of Appeals of Texas,
El Paso.

May 9, 1996.

Rehearing Overruled July 3, 1996.

John C. Steinberger, Dudley Dudley Windle & Stevens, El Paso, for appellants.

Mark C. Walker, Mounce & Galatzan, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

## OPINION

LARSEN, Justice.

This appeal involves the application of the statute of limitations where plaintiff initially named the wrong corporation as defendant, together with the common business name used by both the named corporation and the proper defendant. The proper defendant was not sued until after limitations had run. We reverse and remand.

## FACTS

As Lucia Hernandez was shopping at the Furr's grocery store on the corner of Montana and Copia Streets in El Paso on December 7, 1992, a piece of the ceiling fell on her, causing injuries. She hired a lawyer who sent Furr's claims adjuster a letter on January 21, 1993 notifying him of the claim and stating he would be in touch with medical documentation. On November 29, 1994, Hernandez filed suit against "Rubus Realty Company, Inc. d/b/a Furr's Food Stores" ("Rubus"). Rubus was served through its registered agent, CT Corporation System in Dallas. Rubus responded on January 4, 1995 with its "Notice of Filing of Bankruptcy and Notice of Permanent Injunction," stating that

Rubus Realty Company had filed bankruptcy in New Mexico. The notice also stated that:

> [T]he accident happened on December 7, 1992 at the Furr's Food Stores located at the corner of Montana Street and Copia Street in El Paso, Texas. Said store was store no. 346 and it was sold to Furr's Supermarkets, Inc., an entity not related to Rubus Realty Company on March 11, 1991.

On the same day, Hernandez amended her petition to include "Furr's Supermarkets, Inc." ("FSI") as a second defendant. FSI was served two days later through its registered agent, Larry Schoenbrun, 3000 Thanksgiving Tower, Dallas, Texas.

Eventually, Hernandez dismissed her action against Rubus Realty. FSI filed for summary judgment urging that the statute of limitations had run before it was sued, and therefore the action against it was time barred. The trial court agreed and entered summary judgment for Furr's Supermarkets Inc. Hernandez appeals raising six points of error, which are closely interrelated and which we will address together. We reverse and remand for further proceedings in accordance with this opinion.

## STANDARD OF REVIEW

When a defendant moves for summary judgment on the basis of limitations, it must prove conclusively all elements of the defense as a matter of law, leaving no genuine issue of material fact. *Palmer v. Enserch Corp.,* 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.); *Montgomery v. Kennedy,* 669 S.W.2d 309 (Tex.1984). Defendant has the burden of establishing limitations as a matter of law. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889 (Tex.1975). Once defendant establishes the right to summary judgment, the plaintiff must then put forward summary judgment evidence in avoidance of the limitations defense. *Palmer,* 728 S.W.2d at 435. If plaintiff responds with evidence creating a fact question on tolling of the statute of limitations, defendant must negate plaintiff's right to tolling of the statute as a matter of law. *Id.* at 436. In this case, once FSI proved it was not sued or served within two years of Hernandez's accident, it became Hernandez's burden to create a fact question on the applicability of one of the exceptions to the limitations statute. If she did so, it then became FSI's burden to negate those fact questions as a matter of law. We hold that FSI has successfully refuted one of the avoidance theories relied upon by Hernandez, but that fact questions remain on the other, precluding summary judgment.

## MISIDENTIFICATION

A suit for personal injuries must generally be filed not later than two years after the day the cause of action accrues. Tex.Civ. Prac. & Rem.Code Ann. § 16.003 (Vernon 1986 and Supp.1996). Hernandez's cause of action accrued on December 7, 1992. She did not file suit against Furr's Supermarkets Inc. until January 4, 1995. Unless the summary judgment proof established some fact question raising an exception to the two-year statute of limitations, then the trial court correctly dismissed her suit.

Hernandez first argues that this case is governed by Tex.R.Civ.P. 28. That rule provides:

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's own motion the true name may be substituted.

Although she misnamed the legal entity owning the grocery store at the time of her accident, Hernandez contends that her suit against FSI is not barred because she filed suit against a trade or common name, that is against "Furr's Food Stores," before the two-year limitation period expired. Thus, she argues that Rule 28 applies, tolling limitations until such time as she could identify the proper defendant. FSI, on the other hand, contends that Rule 28 does not apply because this is a case of misidentification, not misnomer, and the amended petition naming FSI does not relate back to the original petition naming Rubus.

Texas courts recognize a distinction between misnomer and misidentification. If the plaintiff merely misnames the correct defendant (misnomer), limitations is tolled and a subsequent amendment of the petition relates back to the date of the original petition. If, however, the plaintiff is mistaken as to which of two defendants is the correct one and there is actually existing a corporation with the name of the erroneously named defendant (misidentification), then plaintiff has sued the wrong party and limitations is not tolled. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex.1990); *Cohen v. C.H. Leavell & Co.*, 520 S.W.2d 793, 795 (Tex.Civ. App.—El Paso 1975, no writ). Although it is less than clear in the case law, the primary distinction between misnomer and misidentification is whether the correct party *received notice* of the suit, under whatever name. If the correct party is served under an assumed name, it is misnomer. If an incorrect party is named and the correct party does not learn of the suit, however, it is misidentification and the statute is not tolled. *See Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, 830 (Tex.1975) ("The suit was not brought against an entity in its assumed or trade name 'Continental Trailways.' It was brought against a Texas corporation, Continental Trailways, Inc., upon which service was had. Service was not had upon Continental Southern Lines, Inc."). This Court has found, in a misidentification case, that:

> The critical issue is whether the party claimed to be responsible was in fact put on notice as to the claim being made against it in the pending suit.... The element of actual notice based upon the service of process is vital in these cases, for if the defendant intended to be sued has not been served upon the original petition which contains the misnomer, and does not waive the lack of service or appear generally, limitations is not tolled....
> *Barnett v. Houston Natural Gas Co.*, 617 S.W.2d 305, 306–07 (Tex.Civ.App.—El Paso 1981, writ ref'd n.r.e.), *citing* 2 McDonald, Texas Civil Practice § 8.12.3 (1970).

Here, plaintiff used the Furr's common name in her original petition, which she urges is sufficient to invoke the protection of Tex.R.Civ.P. 28. We must disagree. Hernandez did name Rubus Realty "d/b/a Furr's Food Stores," and the abbreviation "d/b/a" is "of such common usage as to give those against whom the term is used sufficient notice that they were alleged to be doing business as...." *Jones v. Hydro Corporation*, 420 S.W.2d 210, 212 (Tex.Civ.App.— Amarillo 1967, no writ). If the record contained some indication that the corporation operating Furr's on the date of the accident had actual notice of the suit when it was originally filed, we would have no problem finding a fact question on the application of Tex.R.Civ.P. 28. There is no such proof here, however. Because Hernandez sued and served an existing corporation that turned out to be the wrong defendant, we conclude Rule 28 cannot be employed to toll the statute of limitations.

### BUSINESS RELATIONSHIP

Nevertheless, we conclude that a genuine issue of material fact precludes summary judgment in this case, as fact questions exist on an alternative theory tolling limitations. Statutes of limitations exist to compel the exercise of a right within a reasonable time so that the opposite party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex.1975); *Palmer*, 728 S.W.2d 431. Considering this underlying purpose, there are situations in which courts have refused to apply rigid statutes. *Hilland*, 528 S.W.2d at 831; *Palmer*, 728 S.W.2d at 436. Our courts hold that when the wrong defendant is sued and the proper defendant is not named until after limitations have run, suit against the proper defendant will not be barred so long as that defendant is cognizant of the facts, is not misled, and is not placed at a disadvantage in obtaining the relevant evidence necessary for its defense. *Hilland*, 528 S.W.2d at 831; *Palmer*, 728 S.W.2d at 433. There must be a business relationship between the two defendants, which may be determined from the entire record. *Matthews Trucking Co., Inc.*

*v. Smith,* 682 S.W.2d 237 (Tex.1984); *Palmer,* 728 S.W.2d at 433.

The plaintiff's diligence is not a determining factor in these cases, as plaintiff has brought suit within the limitations period, but has simply named the wrong party. *Palmer,* 728 S.W.2d at 434. Rather, the emphasis lies on equitable application of limitations rules. We therefore examine the evidence in this record to determine if a fact question exists as to equitable tolling of limitations under *Hilland.* We conclude that it does.

### Relationship between Rubus and FSI

There is no dispute that both Rubus Realty and Furr's Supermarkets, Inc. owned and operated the Furr's store at Montana and Copia, under the same assumed named, and with no change of ownership perceptible by the general public. FSI was incorporated on March 10, 1991 and the sale from Rubus to FSI occurred one day later. Rubus and FSI have their common genesis in another corporation, Furr's Inc. Making every inference in favor of the plaintiff, we find a fact question on whether the transfer of this store was an arms-length transaction, or whether it was the result of a relationship between the two defendants. Moreover, Larry Schoenbrun is listed as the registered agent for both Rubus Realty and FSI. Both companies have used the same corporate address. Rubus filed an assumed name certificate to do business as Furr's on August 4, 1992, four months before Hernandez's injury and (inexplicably) seventeen months *after* the date Rubus claims it sold the Furr's store to FSI. These factors are the sort courts have recognized as establishing a business relationship in other cases. *See Hilland,* 528 S.W.2d at 830–31; *Palmer,* 728 S.W.2d at 434–35. We hold Hernandez has established a fact question on the existence of a business relationship between Rubus and FSI.

### Cognizance of the facts and not misled by naming wrong defendant

On January 21, 1993, Hernandez's then-attorney, Sam Dwyer, sent a letter to Stephen Bell of Lindsey Morden Claim Services, Inc. That letter indicated that Dwyer represented Hernandez against Lindsey Morden's insured, "Furr's Supermarket, Inc." in a claim stemming from an accident on December 7, 1992 at the Furr's at 3518 Montana Avenue. It gave Ms. Hernandez's name and home address, and stated that she was being treated for injuries. Furr's does not dispute that Lindsey Morden was adjusting claims for it at the relevant time, nor that it received notice of the letter from Dwyer. The deposition of Gene Denison, senior vice-president and chief administrative officer for FSI, contains the following testimony:

Q: Can you tell me when Furr's Supermarkets Inc. first received notice of the incident involving Lucia Hernandez as a result of the incident there in December?

A: I believe that our store and our third-party administrator received notice of injury sometime around the 7th of December. It could have been a few days after that.

. . . . .

Q: Does the third-party administrator assign such claims for investigation to local adjusters?

A: It depends on the case.

. . . . .

Q: And was that Lindsey Morden Claim Services, Inc.?

A: Yes, sir.

. . . . .

A: I am now aware, as a result of the litigation we are now involved with, that a letter of representation was received, now, I will tell you by the third-party administrator, on or about January 21, 1993. I do not know if that letter was sent to Lindsey Morden and, in turn, given to Penn General, or if Penn General received it directly.

Q: Do you know whether, in fact, Lindsey Morden Claims Services, Inc. made an investigation of this claim by Mrs. Hernandez?

A: I believe they did.

FSI, in responding to requests for admissions, admitted that it had notice of Hernan-

dez's claim shortly after her accident, that it authorized Lindsey Morden to investigate the claim, and that Lindsey Morden initiated an investigation. This creates fact questions as to whether FSI was sufficiently cognizant of the facts that it has a fair opportunity to prepare its defense to this lawsuit, and whether it was not misled by the mistaken naming of Rubus in this suit.

### No disadvantage in preparing defense

The same evidence discussed above creates a fact question on the issue of whether defendant has been disadvantaged in preparing its defense. Further, we note that FSI was named in this suit and served with citation less than one month after the two-year statute of limitations had run. This prompt action in serving the correct defendant weighs against finding disadvantage in preparing a defense. *Compare Howell v. Coca–Cola Bottling Co. of Lubbock, Inc.,* 595 S.W.2d 208, 212 (Tex.Civ.App.—Amarillo), *writ ref'd n.r.e.,* 599 S.W.2d 801 (Tex.1980) (prejudice to defense when correct corporation not apprised of lawsuit until four years after statute had run).

FSI argues that because it received notice only of Hernandez's *claim,* but did not receive notice of the *suit* until after limitations expired, it has established disadvantage in preparing its defense as a matter of law. The cases contain no such bright line distinction between notice of claim and notice of suit. Defendant is placed in the odd position of arguing that notice of Hernandez's claim came too soon after the accident to allow a proper investigation. Although FSI may be able to prove at trial that its notice of Hernandez's claim was somehow insufficient to allow such preparation, we believe that it has not shown such prejudice as a matter of law. A fact issue exists on this element.

### CONCLUSION

Defendant Furr's Supermarkets, Inc. established its right to summary judgment on the application of TEX.R.CIV.P. 28, and we affirm the trial court's judgment on that issue. Plaintiff Hernandez has established fact questions, however, on the applicability of equitable tolling of the limitations period

under the *Hilland* doctrine. We therefore reverse the trial court's judgment as to that issue, and remand for further proceedings in accordance with this opinion.