TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-96-00530-CV







Lenny Lim, Appellant



v.



Curtis John Hall, D.C., a Professional Corporation, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. 93-15641B, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 






PER CURIAM

 Following the submission of the motion for rehearing of Curtis John Hall, D.C., P.C. (the
Corporation), Lim's reply, and the Corporation's response to Lim's reply, we overrule the motion for
rehearing, withdraw our opinion and judgment of March 20, 1997, and substitute the following in its place.

 Lim appeals from a summary judgment granted in favor of the Corporation. By four points
of error, Lim contends that the trial court erred by granting summary judgment based upon limitations.


Procedural Background


 This lawsuit arose out of chiropractic manipulations performed on Lim on December 23,
24, and 26, 1991, by Russell Polk at one of the Hall Chiropractic Clinics in Austin. Lim, by his original
petition filed on December 23, 1993, alleged negligent health care treatment by Polk, Mark Lesko, Curtis
Hall, and HJC, Inc., d/b/a Hall Chiropractic. Additionally, Lim alleged that the defendants' acts regarding
the Hall Chiropractic "Pain Free Money-Back Guarantee" constituted a breach of contract,
misrepresentation, and violations of the DTPA.

 On November 18, 1994, because of HJC, Inc.'s bankruptcy, the trial court severed Lim's
causes of action against HJC, Inc. On July 14, 1995, Curtis Hall, individually, filed a motion for summary
judgment. On August 17 Lim responded to Hall's motion and filed his Fourth Amended Petition naming
the Corporation as a defendant for the first time. On August 24 the trial court held a hearing on Hall's
motion for summary judgment and granted most of the relief requested. On September 15, 1995, Lim non-suited Hall.

 On October 16 the Corporation filed a motion for summary judgment contending that,
among other things, the statute of limitations expired before it was sued and, therefore, all of Lim's claims
against it were time barred. On May 14, 1996, the trial court granted the motion for summary judgment
generally and severed the cause to allow for an appeal. Lim raises four related points of error regarding
limitations, which we will address together, and one point regarding his status as a consumer under the
DTPA. 


Statute of Limitations


 Lim contends that the claims against the Corporation were within the applicable limitations
period because he timely sued both Hall, in his individual capacity, and HJC, Inc., d/b/a Hall Chiropractic,
Inc. timely. Lim contends that his claims against the Corporation relate back to the claims originally filed
against Hall, individually, and HJC, Inc. because in essence these entities were the same.

 Statutes of limitations exist to compel the exercise of a right within a reasonable time so that
the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh
in their minds. Matthews Constr. Co. v. Rosen, 794 S.W.2d 2, 6 (Tex. 1990); Continental S. Lines,
Inc. v. Hilland, 528 S.W.2d 828, 830 (Tex. 1975). A statute of limitations ensures that notice of a claim
is given to adverse parties in order to prevent "fraudulent and stale claims from springing up at great
distances of time and surprising the other party." Hallaway v. Thompson, 226 S.W.2d 816, 820 (Tex.
1950). Statutes of limitations should not apply in situations where no party is misled or disadvantaged by
an error in pleading. Palmer v. Enserch Corp., 728 S.W.2d 431, 434 (Tex. App.--Austin 1987, writ
ref'd n.r.e.). Considering the underlying purposes of limitations, there are situations in which courts have
refused to apply statutes rigidly and have equitably applied limitations rules. Hernandez v. Furr's
Supermarkets, Inc., 924 S.W.2d 193, 196 (Tex. App.--El Paso 1996, writ denied); Palmer, 728
S.W.2d at 434.

 A defendant who moves for summary judgment on the basis of limitations bears the burden
of proving conclusively all elements of the defense. Montgomery v. Kennedy, 669 S.W.2d 309 (Tex.
1984); Zale v. Rosenbaum, 520 S.W.2d 889 (Tex. 1975). Once the defendant establishes the right to
summary judgment, the plaintiff, in its response, must present any reasons seeking to avoid the movant's
entitlement to judgment, and such reasons must be supported by summary judgment proof establishing a
material fact issue. Palmer, 728 S.W.2d at 435. The plaintiff must adduce summary judgment proof
raising a fact issue in avoidance of the affirmative defense, for example, facts which would bring the matter
within an exception or defense to the movant's affirmative defense. Palmer, 728 S.W.2d at 435-36. If
the plaintiff responds and presents evidence creating a fact question, the defendant must respond and negate
plaintiff's right to the exception or defense to the affirmative defense shown by the defendant. Id. at 436.

 In this case, by its motion for summary judgment and attached proof, the Corporation
proved it was not sued or served within two years of Lim's alleged injuries. Therefore, it became Lim's
burden to present evidence raising a fact question regarding the applicability of an exception or defense to
the affirmative defense of limitations. If he did so, it then became the Corporation's burden to negate those
fact questions as a matter of law. We hold that Lim presented evidence raising a fact question regarding
the applicability of an equitable avoidance type of defense to the affirmative defense of limitations. Since
the Corporation did not negate these fact questions as a matter of law, fact questions remain, precluding
summary judgment.

 In his response to the Corporation's motion for summary judgment, Lim asserted that, 

[p]laintiff responds that suit was timely filed against the individual defendants and against
HJC, Inc., d/b/a Hall Chiropractic, and the suit against Curtis John Hall, D.C., P.C.,
relates back to the filing of the original petition. Plaintiff's Fourth Amended Petition merely
substitutes Curtis John Hall, D.C., P.C., for Hall Chiropractic or HJC, Inc., as the named
employer of the chiropractors who treated Plaintiff. . . . Further, defendant Curtis John
Hall, D.C., P.C., is now sued as the alter ego of HJC, Inc., and Hall Chiropractic, Inc.,
and either the statute of limitations should be tolled or defendant is estopped from raising
limitations as a defense for this reason. 


The Corporation did not rebut these factual allegations. In support of his response, as summary judgment
proof, Lim included portions of deposition testimony from Dr. Mark Lesko, a chiropractor who worked
for Hall at the time Lim alleged he was injured. Dr. Lesko testified that he had several different contract
changes while he worked for Hall. Initially, he explained that all the doctors received payment from Hall
Chiropractic Incorporated. At the end of his tenure with Hall in 1992, he was being paid by Curtis J. Hall,
D.C., P.C. When asked if in the daily business at Hall, there was ever any distinction made between Hall
Chiropractic, Inc. or HJC, Inc. and Curtis John Hall D.C., P.C., Dr. Lesko responded, "no, Hall was Hall
in the employees' eyes." Additionally, when asked to which company Dr. Lesko was referring when he
used "Hall Chiropractic," Hall Chiropractic, Inc. or Curtis John Hall, D.C., P.C., he responded, "[l]ike I
said, as far as I was concerned, Hall was Hall."

 In a misidentification case, when the wrong defendant is sued and the proper defendant is
not named until after limitations have expired, suit against the proper defendant will not be barred so long
as that defendant is cognizant of the facts, is not misled, and is not placed at a disadvantage in obtaining the
relevant evidence necessary for its defense and the proper defendant was in a business relationship or
connected with the wrong defendant. Enserch v. Parker, 794 S.W.2d 2, 6 (Tex. 1990); Matthews
Trucking Co. v. Smith, 682 S.W.2d 237 (Tex. 1984); Hilland, 528 S.W.2d at 831; Hernandez, 924
S.W.2d at 196; Palmer, 728 S.W.2d at 433. Generally, courts have determined that a business
relationship or connection exists when the plaintiff introduces evidence that the corporations are related
entities. See e.g. Parker, 794 S.W.2d at 6; Hernandez, 924 S.W.2d at 197; Cummings v. HCA Health
Services of Texas, Inc., 799 S.W.2d 403, 406 (Tex. App. --Houston [14th Dist.] 1990, no writ);
Palmer, 728 S.W.2d at 431; De Leon Torres v. Johns, 706 S.W.2d 693, 696 (Tex. App.--Corpus
Christi 1986, no writ). Courts have generally not found a business relationship or connection when the
proper defendant and the wrong defendant were strangers. Matthews Trucking Co., 682 S.W.2d at 239. 
The plaintiff's diligence is not a determining factor in these cases, as the plaintiff brought suit within the
limitations period, but simply named the wrong party. Palmer, 728 S.W.2d at 433. We therefore examine
the record to determine if fact issues exist regarding the equitable tolling of limitations. We conclude that
they do.

 Based upon the deposition testimony of Dr. Lesko, these companies operated as one entity
without any perceptible distinction to the employees. See Hernandez, 924 S.W.2d at 197. As Dr. Lesko
stated, "Hall was Hall." Additionally, the evidence shows that Curtis Hall is the agent for service of process
for both HJC, Inc., d/b/a Hall Chiropractic and the Corporation. The record reflects that Curtis John Hall
was the sole incorporator, the sole shareholder, and the registered agent for the Corporation. The record
reflects that the registered agent for HJC, Inc., was Curtis J. Hall, D.C. and the initial director was Curtis
J. Hall, D.C. Additionally, the record shows that the president of HJC, Inc., formerly Hall Chiropractic,
Inc., was Curtis J. Hall. Courts have recognized that such factors may establish a business relationship
between corporate defendants. See Parker, 794 S.W.2d at 6; Hilland, 528 S.W.2d at 830-31;
Hernandez, 924 S.W.2d at 197; Palmer, 728 S.W.2d at 434-35. Indulging every inference in favor of
Lim, as we must, we conclude that a fact question exists about whether there is a business relationship
between HJC, Inc., d/b/a Hall Chiropractic, and the Corporation. Therefore, summary judgment based
upon limitations is precluded.

 Curtis Hall, as the agent for service of process for both corporations, who was involved
in other aspects of both of these business ventures, would have been fully cognizant of Lim's claims and
the related facts which formed the basis of the original suit. Additionally, the Corporation has not shown
how it was misled by the naming of the Corporation as a defendant after the statute of limitations period
expired. Hall had been sued individually along with HJC, Inc., in the original petition for acts arising from
the same incident as the claims made against the Corporation. The witnesses involved would be the same
regardless of which corporate entity was named as defendant. The Corporation failed to bring forward
any evidence to refute Lim's argument and evidence submitted in response to the Corporation's motion
for summary judgment that the Corporation experienced any disadvantage in preparing its defense because
of its late addition as a defendant.

 By the Corporation's motion for rehearing, and its response to Lim's reply to the motion
for rehearing, the Corporation argues that the reason it did not reply to Lim's response to the motion for
summary judgment was because Lim failed to present an issue that required any rebuttal. The Corporation
argues that it was incumbent upon Lim, if he were going to rely upon a lack of prejudice to the Corporation
as an avoidance defense to the Corporation's affirmative defense of limitations, to raise that issue first in
his response to the Corporation's motion for summary judgment. The Corporation contends that Lim failed
to present the specific issue in his response and proof in support thereof as required by McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993). The Corporation contends that the first
time Lim referred to a lack of prejudice to the Corporation by adding them as a defendant after the statute
of limitations had expired was in Lim's brief accompanying his response to the Corporation's motion for
summary judgment. The Corporation contends that, pursuant to McConnell, this issue was not presented
timely in the response to the motion for summary judgment, and, therefore, this Court cannot consider Lim's
lack of prejudice argument to avoid the Corporation's entitlement to summary judgment. McConnell, 858
S.W.2d at 341. We disagree.

 In McConnell, the court held that a motion for summary judgment or a response to a
motion for summary judgment must stand or fall upon the grounds urged in the motion or response.
McConnell, 858 S.W.2d at 341. Issues that a non-movant contends avoid the movant's entitlement to
summary judgment must be expressly presented by written answer to the motion or by other written
response to the motion and are not expressly presented by mere reference to summary judgment evidence. 
Id. at 341. In determining whether grounds or issues are presented, reliance may not be placed on briefs
in support of a summary judgment motion or response or summary judgment evidence. Id. The
McConnell court noted, however, that a court may consider such a brief as guidance in making its
determination whether the summary judgment evidence or the evidence that avoids summary judgment
demonstrates that the moving party is entitled to judgment. Id.

 In McConnell, the grounds for summary judgment appeared solely in the school district's
twelve-page brief in support of the motion for summary judgment and did not appear at all in the motion. 
In fact, the school district's motion states only "that there were no genuine issues as to any material facts." 
Id. at 338 n. 1. The only way the trial court could have gleaned the grounds for the school district's
summary judgment motion was by referring to the brief. The McConnell court determined that the motion
did not meet the requirements of Rule 166a of the Texas Rules of Civil Procedure because the specific
grounds for summary judgment were not expressly presented in the motion itself. Id.

 We conclude that Lim by his response to the motion for summary judgment raised issues
sufficient to avoid the Corporation's motion for summary judgment. He asserted that the Corporation and
HJC, Inc. and Hall Chiropractic were all essentially the same by asserting that the addition of the
Corporation related back to the original suit against HJC, Inc., thus, the statute of limitations should be
tolled. Lim's response to the motion for summary judgment was not silent about the issues for avoiding
summary judgment. Any confusion about what issues Lim presented could have been resolved by the
Corporation specially excepting to the response as unclear. McConnell, 858 S.W.2d at 343 (exceptions
should be lodged so that parties and court are focused on the same grounds). After examining the response
to the motion for summary judgment, we conclude that Lim asserted "reasons" sufficient to give the
Corporation "fair notice." See Feldman v. Kohler Co., 918 S.W.2d 615, 626 (Tex. App.--El Paso
1996, writ denied) (response attacked applicability of defense generally and was sufficient for purposes
of McConnell). 

 We conclude that although the Corporation proved that it was sued after the statutory
limitations period expired, the record reflects that fact issues exist on the applicability of the equitable tolling
of the limitations period discussed in Hilland, Parker, and Palmer. We sustain points of error one through
four.


Breach of Contract


 The Corporation, by point three of its motion for rehearing, contends that this Court erred
by failing to affirm the summary judgment based upon lack of standing with regard to Lim's breach of
contract theory. Lim, in his response to the motion for rehearing states that he did not sue for breach of
contract as a party to the contract. He contends that he sued for breach of a contract or an agreement,
as a consumer, under the DTPA. Lim states that he did not assert any claim for breach of contract except
insofar as it can be made under the DTPA. Further, Lim states that, "[i]f it needs to be made any clearer,
[I] hereby renounce[] any intention to pursue a claim for breach of contract on any basis other than DTPA." 
To the extent Lim pleaded a breach of contract action in his petition separate from his DTPA claim, we
affirm the summary judgment regarding that cause of action. 


Consumer Status


 By point of error five, Lim contends that the trial court erred in granting the Corporation's
motion for summary judgment because Lim had standing to make claims under the DTPA. In its brief to
this Court, the Corporation asserts that "the issue as to Lim's consumer status under the DTPA was not
a basis for [its] Motion for Summary Judgment." By its brief, the Corporation states that its motion for
summary judgment, as it pertained to the DTPA violations, was that those claims were barred by the statute
of limitations. 

 Because the Corporation concedes in its brief to this Court that its only ground for summary
judgment regarding Lim's DTPA claim was the statute of limitations, and since we have determined that
the Corporation has not shown that it is entitled to judgment as a matter of law on the basis of the statute
of limitations, we decline to address point of error five.


Conclusion


 We overrule the motion for rehearing. We affirm the summary judgment as to a breach of
contract action to the extent it is pleaded separately from DTPA claims. We reverse the remainder of the
judgment, sever all non-contract claims from any breach of contract claim, and remand this portion of the
cause to the trial court for further proceedings.



Before Justices Powers, Jones and Kidd

Affirmed in Part; Reversed and Remanded in Part

Filed: July 3, 1997

Do Not Publish



for summary judgment were not expressly presented in the motion itself. Id.

 We conclude that Lim by his response to the motion for summary judgment raised issues
sufficient to avoid the Corporation's motion for summary judgment. He asserted that the Corporation and
HJC, Inc. and Hall Chiropractic were all essentially the same by asserting that the addition of the
Corporation related back to the original suit against HJC, Inc., thus, the statute of limitations should be
tolled. Lim's response to the motion for summary judgment was not silent about the issues for avoiding
summary judgment. Any confusion about what issues Lim presented could have been resolved by the
Corporation specially excepting to the response as unclear. McConnell, 858 S.W.2d at 343 (exceptions
should be lodged so that parties and court are focused on the same grounds). After examining the response
to the motion for summary judgment, we conclude that Lim asserted "reasons" sufficient to give the
Corporation "fair notice." See Feldman v. Kohler Co., 918 S.W.2d 615, 626 (Tex. App.--El Paso
1996, writ denied) (response attacked applicability of defense generally and was sufficient for purposes
of McConnell). 

 We conclude th