Opinion issued August 19, 2010 (last printed 16-Aug-10 4:06:00 PM)

 

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00517-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DORIS ANN HUFF, Appellant

 

V.

 

MICHAEL HIRSCH, Appellee

 

 



On Appeal from the 164th District Court

Harris County, Texas

Trial Court Cause No. 2008-33623A

 

 



MEMORANDUM OPINION

Appellant, Doris Ann Huff (“Huff”),
has filed a motion for rehearing.  We
deny appellant’s motion for rehearing.  See Tex.
R. App. P. 49.3.  We withdraw our
June 17, 2010 opinion, substitute this opinion in its place, and vacate our
June 17, 2010 judgment.

Huff challenges the trial court’s
rendition of summary judgment in favor of appellee, Michael Hirsch, in Huff’s
suit against Hirsch, Casey Huff, and Margaret Alexander for fraud, conspiracy
to commit fraud, and deceptive trade practices.[1]  In two issues, Huff contends that the trial
court erred in granting summary judgment in favor of Hirsch, who, as an
attorney, had represented Casey Huff against Huff in their divorce proceeding.

          We
affirm.

Background

          On
April 15, 2008, the trial court dissolved the marriage between Huff, who was
represented by Alexander, and Casey Huff, who was represented by Hirsch, and ordered
Casey Huff to pay $200,000 to Huff and $32,000 in attorney’s fees to Alexander.  Casey Huff did not pay, and he then told Huff
that he had filed for bankruptcy protection. 
Based upon this representation, Huff signed a settlement agreement, in
which she agreed to reduce her recovery from $200,000 to $70,000 and pay her
own attorney’s fees.  She then sued Casey
Huff, Alexander, and Hirsch regarding the settlement agreement.

In her First Amended Original
Petition, the live pleading at the time that the trial court granted summary
judgment in favor of Hirsch, Huff alleged that Hirsch intentionally misrepresented
to her directly, and through Alexander, that Casey Huff “had declared
bankruptcy” to “induce” her to sign the settlement agreement; defrauded her out
of her $200,000 judgment; conspired with Alexander to defraud her; “committed
deceptive trade practices”; “drafted” the settlement agreement; asked Alexander
not to “render any assistance to [Huff]”; and gave the “manufactured” settlement
agreement to Casey Huff to present to Huff.  Hirsch answered with a general denial and pleaded
the affirmative defenses of lack of privity and lack of standing and the
defense of attorney immunity or privilege. 

In his motion for summary judgment, Hirsch,
based on Huff’s Original Petition, asserted that he was shielded against Huff’s
claims by attorney immunity.  Hirsch
attached to his summary judgment motion Huff’s deposition, a May 1, 2008 letter
and draft settlement agreement that he had sent to Alexander, a May 1, 2008
letter from Alexander to Huff regarding the draft settlement agreement, and the
signed settlement agreement. 

In her deposition, Huff testified
that she had sued Casey Huff because he, before she signed the settlement
agreement, told her that “he had filed bankruptcy, and he lied.”  After their divorce became final, Casey Huff told
Huff “dozens” of times that he was going to file for bankruptcy protection if
she did not settle their divorce for less money.  Casey Huff asked Hirsch to draft a settlement
agreement, which provided that the Huffs “have reached an agreement, fully
compromising and settling objections and disputes” to the final decree of
divorce “in lieu of appeal of same,” reduced the judgment to $70,000, and required
Huff to pay Alexander’s attorney’s fees. 
Huff explained that she had sued Alexander because she was dissatisfied
with Alexander’s representation regarding the settlement agreement, which Huff signed
without counsel and without having read it. 


Huff further explained that she had
sued Hirsch because he “drew up the settlement offer . . . where Casey [Huff] filed
for bankruptcy”; stated in court during the divorce proceedings that “his
client was filing bankruptcy”; and Hirsch, Casey Huff, and Alexander “ganged
up” on her regarding the settlement agreement, which was “wrong” and “falsified.”
 Huff admitted that she had no
communications with Hirsch outside of court, Hirsch drew up the settlement
agreement “as a part of his job in representing” Casey Huff, and Hirsch never
represented Huff.  

In his letter, which was attached to
the proposed settlement agreement that he sent to Alexander on May 1, 2008, Hirsch
stated,

It is my understanding that Casey and Doris have been
negotiating directly between themselves to avoid what Casey believes will be
certain, the need for filing bankruptcy based upon the Decree as it was
rendered.  It is not my desire nor my
encouragement to circumvent your professional representation in this
regard.  However, I am advised by Casey
that Doris informs that you no longer represent her.  Not having anything in writing to this
effect, I cautiously provide you with a copy of the written settlement
agreement, drafted to reflect what I am informed is the agreement made between
Casey and Doris settling the issues of the Decree.  I am just this morning advised of Casey’s . .
. approval of this draft, although as of this writing, Doris has not yet signed.

 

Alexander immediately forwarded
Hirsch’s letter and the settlement agreement to Huff along with her own cover
letter stating, “Per our telephone conversation, I’m sending the proposed
settlement agreement from Mr. Hirsch that I was speaking with you about.  Please call us ASAP to discuss further.”

Huff attached to her response to Hirsch’s
summary judgment motion, her own affidavit, excerpts of her deposition
testimony, and a letter from Alexander to Huff dated May 7, 2008, the day after
Huff had signed the settlement agreement. 
In her response, Huff argued that this evidence raised a fact issue as
to Hirsch’s immunity because, under Texas law, she may sue opposing counsel
“when [he has] knowingly participated in such wrongful conduct that is a
proximate or producing cause of [her] damages.” 


Standard of Review

To prevail on a summary judgment motion,
a movant has the burden of proving that he is entitled to judgment as a matter
of law and that there is no genuine issue of material fact.  Tex.
R. Civ. P. 166a(c); Cathey v.
Booth, 900 S.W.2d 339, 341 (Tex. 1995). 
When a defendant moves for summary judgment, he must either (1) disprove
at least one essential element of the plaintiff’s cause of action or (2) plead
and conclusively establish each essential element of its affirmative defense,
thereby defeating the plaintiff’s cause of action.  Cathey,
900 S.W.2d at 341; Yazdchi v. Bank One,
Tex., N.A., 177 S.W.3d 399, 404 (Tex. App.—Houston [1st Dist.] 2005, pet.
denied).  In deciding whether there is a
disputed, material fact issue precluding summary judgment, evidence favorable
to the non-movant will be taken as true.  Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  We indulge every reasonable inference in favor
of the non-movant and resolve any doubts in her favor.  Id.
at 549.  We disregard contrary evidence,
unless reasonable jurors could not.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d
572, 582 (Tex. 2006).  A matter is
conclusively established if reasonable minds cannot differ as to the conclusion
to be drawn from the evidence.  City of Keller v. Wilson, 168 S.W.3d
802, 816 (Tex. 2005).  Once a movant conclusively
establishes an affirmative defense, the burden of production shifts to the
non-movant to present summary-judgment evidence to defeat the movant’s
affirmative defense; that is, she must present evidence that raises a fact issue
on at least one element of or exception or defense to the movant’s affirmative
defense.  Palmer v. Enserch Corp., 728 S.W.2d 431, 435 (Tex. App.—Austin
1987, writ ref’d n.r.e.).  

Summary Judgment

In her first issue, Huff argues that
the trial court erred in granting summary judgment in favor of Hirsch because he
is not shielded on the facts of this case “by the doctrines of lack of privity,
standing, and/or absolute immunity.” 

Texas discourages lawsuits against
opposing counsel if “based on the fact that counsel represented an opposing
party in a judicial proceeding.”  Alpert v. Crain, Caton & James, P.C.,
178 S.W.3d 398, 405 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (citing Bradt v. Sebek, 14 S.W.3d 756, 766 (Tex.
App.—Houston [1st Dist.] 2000, pet. denied)). 
An attorney has the right to assert defenses that “he deems necessary
and proper, without being subject to liability or damages” and may be “qualifiedly
immune” from civil liability to non-clients “for actions taken in connection
with representing a client in litigation,” even if the “conduct is wrongful in
the context of the underlying lawsuit” or is “frivolous or without merit.”  Id.
at 405–406 (citing Bradt v. West, 892
S.W.2d 56, 71–72 (Tex. App.—Houston [1st Dist.] 1994, writ denied) and Renfroe v. Jones & Assocs., 947
S.W.2d 285, 288 (Tex. App.—Fort Worth 1997, writ denied)). 

The focus is on the “type of conduct”
engaged in by the attorney.  Alpert, 178 S.W.3d at 406.  If an attorney participates in independently
fraudulent activities, his action is “foreign to the duties of an attorney.”  Id. (citing
Likover v. Sunflower Terrace II, Ltd.,
696 S.W.2d 468, 472 (Tex. App.—Houston [1st Dist.] 1985, no writ)).  An attorney “cannot shield his own willful and
premeditated fraudulent actions from liability simply on the ground that he is
an agent of his client.”  Id.  Moreover, an attorney is liable if his conduct
is “fraudulent or malicious” towards a non-client or he enters into a
conspiracy to defraud a non-client.  Likover, 696 S.W.2d at 472.  

Indulging all reasonable inferences
in favor of Huff and crediting contrary evidence that we cannot disregard, the
summary judgment evidence shows that Hirsch’s actions in discussing the case
with opposing counsel, drafting a settlement agreement for his client, advocating
his client’s interests to opposing counsel by sending the agreement with an
explanation of the proposal, advising the court during the divorce proceedings
of potential issues his client would have in paying a judgment, and ensuring that
he did not improperly communicate with a person who was represented are all the
type of conduct an attorney engages in when representing his client in a
lawsuit.  See Bradt, 892 S.W.2d at 72.  Accordingly, we hold that Hirsch has
established as a matter of law that immunity shielded him from Huff’s claims
because his conduct was undertaken regarding pending litigation in furtherance
of his representation of Casey Huff and involved the office, professional
training, skill, and authority of an attorney.  See id.; Miller v. Stonehenge/Fasa-Texas, JDC, L.P.,
993 F. Supp. 461, 464 (N.D. Tex. 1998).

Huff, then, was required to bring
competent summary judgment evidence to raise a fact issue on an element of or
an exception to Hirsch’s defense of attorney immunity.[2]  See Palmer, 728 S.W.2d at 435.  Huff first argues that there is a fact issue
on Hirsch’s immunity because the evidence shows that Hirsch assisted the fraud
that Casey Huff “had declared bankruptcy” when Hirsch prepared the settlement
agreement, informed Alexander that Casey Huff “had filed bankruptcy,” and “sent”
Casey Huff with the “fraudulent document” to meet with Huff.  Huff asserts that Hirsch was a member of a
conspiracy to defraud Huff out of the benefits of the judgment. 

In her affidavit, Huff testified that
Casey Huff had been telling her since their divorce proceedings began in 2006
that he was going to file for bankruptcy protection.  Huff did not discuss the substance of any
communications between Hirsch and Alexander as she admitted that she had no
contact with Hirsch and none with Alexander after May 1, 2008.  Hirsch’s letter to Alexander showed that Casey
Huff believed that his filing for bankruptcy protection would be “certain,” and
Hirsch did not state that Casey Huff “was filing” or “had filed” for bankruptcy
protection.  The settlement agreement
does not mention “bankruptcy,” despite Huff’s assertion that it was “wrong” and
“falsified.”  None of this evidence
raises a fact issue that Hirsch knowingly made a false statement of a material
fact to Huff or Alexander, as required to sustain a fraud claim.  See
In re First Merit Bank, N.A., 52
S.W.3d 749, 758 (Tex. 2001). 

In conflict with her deposition, in
which Huff testified that only Casey Huff had told her that he “had filed” for
bankruptcy protection, Huff, in her affidavit, testified, “I believe [Hirsch]
[after he sent Alexander the settlement agreement] subsequently told Ms. Alexander’s
office that [Casey] had declared bankruptcy.” 
In his appellee’s brief, Hirsch objects for the first time that Huff’s statement
of her belief is a substantive defect in her affidavit and is “no evidence in a
summary judgment context.”[3] 

A statement of subjective belief,
which is not supported by other summary judgment proof, is not sufficient to raise
a fact issue.  Kerlin v. Arias, 274 S.W.3d 666, 668 (Tex. 2008) (“An affiant’s belief about the facts is legally
insufficient.”).  Nonetheless, merely
using the phrase “I believe” does not make an affidavit insufficient, if other evidence
demonstrates the affiant’s personal knowledge. 
See Moya v. O’Brien, 618
S.W.2d 890, 893 (Tex. App.—Houston [1st Dist.] 1981, writ ref’d n.r.e.); Noriega v. Mireles, 925 S.W.2d 261, 264
(Tex. App.—Corpus Christi 1996, writ denied) (court looks at entire affidavit
to determine whether facts asserted are based on affiant’s personal
knowledge).  

Nothing in Huff’s affidavit demonstrates
that she had personal knowledge that Hirsch had told Alexander that Casey Huff had
filed for bankruptcy protection.  Hirsch’s
May 1, 2008 letter to Alexander does not say that Casey “had filed” for
bankruptcy protection, and Huff admitted that she had no contact with Hirsch or
Alexander.  Thus, Huff could not have had
personal knowledge about any conversation between Hirsch and Alexander.  We conclude that the evidence does not show
that Huff had personal knowledge of any facts that support her belief that
Hirsch had told Alexander that Casey Huff “had declared bankruptcy.”  Accordingly, we hold that the summary judgment
evidence does not raise a fact issue regarding an exception to Hirsch’s
immunity to Huff’s fraud, conspiracy to defraud, and aiding or assisting fraud
claims.

Huff next argues that a fact issue exists
regarding whether Hirsch is entitled to immunity because he “rendered services to
[Casey Huff] in drawing up the settlement agreement that [she] subsequently
acquired by signing the settlement agreement under the false pretense.”  While privity is not required to maintain a
claim under the deceptive trade practices act (“DTPA”), sections 17.46(b)(5),
(7), (12) and (24) and 17.50(a)(3) of the DTPA, pleaded by Huff, require
consumer status.  See Tex. Bus. & Com.
Code. Ann. §§ 17.46(b)(5), (7) and (24), 17.50(a)(3) (Vernon Supp. 2009);
Crown Life Ins. Co. v. Casteel, 22
S.W.3d 378, 387 (Tex. 2000).  A
third-party beneficiary may qualify as a consumer where the transaction was
specifically intended to benefit the third-party and the good or service was
rendered to benefit the third party.  Kennedy v. Sale, 689 S.W.2d 890, 892–93
(Tex. 1985); Lukasik v. San Antonio Blue
Haven Pools, Inc., 21 S.W.3d 394, 401 (Tex. App.—San Antonio 2000, no
pet.).  

Here, however, Huff and Casey Huff were
adverse parties on the issue of settlement, which grew out of their divorce.  Huff admitted that Hirsch drew up the
settlement agreement “as a part of his job in representing” Casey Huff, she had
no contact with Hirsch, and Hirsch had never represented her.  Hirsch, at Casey Huff’s direction, drafted
the agreement with terms that were clearly adverse to Huff.  Because Casey Huff did not acquire Hirsch’s
services for Huff’s benefit, we conclude that she was not a consumer of his
services and has not raised a fact issue on her DTPA claims so as to create an
exception to Hirsch’s immunity. 

Huff has not raised a fact issue on
any element of or exception to Hirsch’s affirmative defense of attorney immunity.  Accordingly, we hold that the trial court did
not err in granting Hirsch’s summary judgment motion.

We overrule Huff’s first issue. 

Conclusion

Having overruled Huff’s first issue,
we do not address her second issue in which she argues that her affidavit and
deposition testimony raised genuine issues of material fact on her claims. 

We affirm the judgment of the trial
court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel
consists of Justices Jennings, Hanks, and Bland.











[1]           See Tex. Bus. & Com. Code. Ann.
§§ 17.46, 17.50(a)(3) (Vernon Supp. 2009).





[2]           Huff included in her brief citations
to excerpts from Alexander’s deposition taken five months after the trial court
had entered its order on Hirsch’s summary judgment motion.  We do not consider materials that were not
before the trial court when it ruled on the summary judgment.  See
Tex. R. App. P. 34.1; Tanner v. McCarthy, 274 S.W.3d 311, 323
n.22 (Tex. App.—Houston [1st Dist.] 2008, no pet.).





[3]           “[A]ffidavits
containing factual conclusions and subjective beliefs that are not supported by
evidence are defects in substance, and no objection is necessary to preserve
error.”  Rivera v. White, 234 S.W.3d 802, 808 (Tex. App.—Texarkana 2007, no
pet.) (citing Rizkallah v. Conner,
952 S.W.2d 580, 586 (Tex. App.—Houston [1st Dist.] 1997, no writ)).  Thus, Hirsch has not waived his objection by
raising it for the first time on appeal.